**Margie Lee BUTLER, Plaintiff-Appellant,**

v.

**James J. BUTLER, Defendant-Respondent.**

**No. 34131.**

Missouri Court of Appeals,
St. Louis District.

May 23, 1972.
Motion for Rehearing or to Transfer to
Supreme Court Denied
June 28, 1972.

Application to Transfer Denied
Sept. 11, 1972.

---

Charles A. Lee, Jr., Clayton, for plaintiff-appellant.

Harry J. Nichols, St. Louis, for defendant-respondent.

WEIER, Judge.

Plaintiff wife was awarded a divorce against defendant husband on April 15, 1968. At that time, she was awarded $100.00 per month alimony, which was the same amount agreed upon by the parties in a stipulation introduced as an exhibit for the guidance of the court. Defendant on February 5, 1970, not quite twenty-two months later, filed a motion to modify, wherein, by reason of changes in condition of the parties therein alleged, he sought the elimination of all alimony payments. After hearing the evidence and upon submission of the case October 21, 1970, the trial court sustained the motion and reduced the alimony to $1.00 per year.

There seems to be no controversy in the evidence. Mrs. Butler was employed by the state of Missouri, receiving a salary of $4,800.00 per year. She had received a five per cent increase since the divorce. Her health had deteriorated somewhat. She had undergone an operation after the divorce, and at the time of the hearing was expending about $100.00 per month for prescriptions and medical and dental treatments. Living expenses in this period had increased because of inflationary processes. Her assets remained the same.

Defendant also worked for the state. He was receiving a salary of $16,000.00. He had also received a five per cent increase. His stepfather had been placed in a nursing home, where his expenses had been paid out of an amount of $2,500.00 recovered for personal injuries sustained by him, but except for $450.00 borrowed by defendant to make a down payment for anticipated funeral expenses (a rather morbid requirement whose necessity was not shown), the defendant at the time of the hearing had not paid any of his stepfather's expenses. Although not having been called upon for payment, the potential obligation, in defendant's opinion, constituted a major change in his circumstances. Another change related by defendant was the increased expenses occasioned by the return of his seventeen-year-old son by a prior marriage to live with him. At the time of the divorce in the present case, defendant was not making payments for the support of his two children by the prior marriage, but was sending them spending money from time to time. Nowhere do we find any evidence as to expenditures preceding the divorce in the instant case and how and in what respect they differ from expenditures claimed in an affidavit, dated April 10, 1970, which was introduced into the evidence by consent. In short, the evidence is devoid of any clear and definite facts which would allow a court to determine the status of the defendant at the time of the divorce. Absent this and a clear detailed account of his status at the time the motion was filed, there is no substantial evidence upon which a determination may be made that defendant has suffered such

a change in circumstances that his alimony payment should be changed.

Modification of a judgment for alimony is dependent upon a change in circumstances of the parties between the rendition of the divorce decree and the time the motion to modify is filed. As to proving such a change as will justify modification, the moving party has the burden. Ruelas v. Ruelas, Mo.App., 455 S.W.2d 28, 29[2, 3]. In his attempt to carry this burden, the defendant has failed.

The judgment below modifying the divorce decree and reducing alimony is reversed.

BRADY, C. J., and DOWD and SMITH, JJ., concur.