Sigmond C. SEELIG, Respondent,

v.

Estelle K. SEELIG, Appellant.

No. 36381.

Missouri Court of Appeals,
St. Louis District,
Division Two.

July 13, 1976.

---

Ackerman, Schiller & Schwartz, Clayton, for appellant.

Love & Lacks, Chester A. Love, Jr., George A. Adolf, Clayton, for respondent.

STEWART, Judge.

Defendant appeals from the judgment of the trial court which modified a decree of divorce relieving plaintiff of all further obligations to pay alimony. We reverse.

After twenty-five years of marriage defendant-wife was granted a decree of divorce from plaintiff-husband on December 6, 1972. The parties settled their property rights by way of stipulation. The court accepted the stipulated recommendation of the parties that defendant have custody of the minor son, Robert, and that plaintiff pay the sum of $150.00 per month to defendant for support of Robert. The parties further stipulated that plaintiff pay to defendant "the sum of $575.00 per month as and for alimony." The latter stipulation was made part of the decree. By the stipulation defendant was permitted to live in the family home until April of 1974 at which time she could purchase plaintiff's one-half interest or the real estate would be sold and the proceeds divided.

Fourteen months after the decree the plaintiff filed a motion to modify the decree seeking to be relieved of his obligation for alimony and child support. Defendant then filed a motion to modify seeking an increase in maintenance, child support and attorney's fees.

The court made findings of fact and entered its decree in which it denied defendant's motion to modify in all respects and denied plaintiff's motion to modify as to child support. The court granted plaintiff's motion to terminate his obligation to pay alimony. The court further denied defendant's request for an allowance for attorney fees.

Neither party takes issue with the court's refusal to modify the judgment as to the support for the minor son, Robert.

This case was one of the first cases to come before the trial court after the Dissolution of Marriage Act Sections 452.300 to 452.415 became effective and the trial court in entering its decree frankly expressed its concern with respect to the interpretation which would be accorded the new act.

The statute, with respect to modification, unlike its predecessor,[1] codifies the standards to be considered in modification.

That portion of Section 452.370 which governs the modification of decrees of dissolution, which is pertinent to our consideration of this case reads:

".  .  .  the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modifi-

---

1. § 452.070 R.S.Mo.1969 Alimony and maintenance

".  .  .  The Court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper  .  .  ."

cation and only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."

■ An original judgment is res judicata as to the facts and conditions bearing upon the award and existing at the time of its rendition, as shown by the evidence. The burden of showing a change of circumstances "so substantial and continuing as to make the terms unreasonable" is upon the party seeking modification of the decree. *Dodds v. Dodds*, 353 S.W.2d 810 (Mo.App. 1962).

■ We begin our review with these basic guides. Our review is that accorded cases of an equitable nature. We defer to the trial court's vantage with respect to the credibility of the witnesses. Rule 73.01. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

The court found that plaintiff had a net worth of $41,619.97 at the time of the hearing on the motion. No finding was made with respect to plaintiff's net worth as of the entry of the divorce decree. The court found that defendant had a net worth of $171,373.00 as of the date the motion was heard; that $65,900.00 of that amount had been received by defendant since the decree of divorce; this consisted of $3,000.00 executrix fee and $62,900.00 inheritance from her father's estate. The court found this to constitute "a substantial change in circumstances." No finding was made as to defendant's net worth at the time of the decree.

The court further found that plaintiff's income for periods pertinent to the case to be: 1971—$32,748.15; 1972—$60,041.81; 1973—$26,142.86; and for the first six months of 1974—$9,273.00. The court found that plaintiff's income had declined from the date of the decree and that the decline in income constituted "a substantial change in circumstances, from the income [plaintiff] had at the time of the divorce."

The court concluded that the "total net worth of [defendant] plus the income . .

from her various corporations indicates that she must support herself and that there is no obligation on the part of petitioner to pay maintenance to [defendant]."

Before we can consider the question of the extent, if any, of maintenance due either spouse upon a motion to modify, we must consider the question of whether there has been a substantial and continuing change in circumstances which would render the terms of the original decree unreasonable.

We consider first the finding that there had been a substantial change in circumstance resulting from funds received by defendant since the date of the decree. Of the $65,900.00 attributed to the increase in net worth $3,000.00 was income from services rendered as co-executrix of her father's estate. The value of the stock of the closely held family corporation ($11,400.00) were based upon the inheritance tax appraisal file of the probate court. At most this would reflect the value of the stock as of April 20, 1969. Plaintiff produced no evidence of the present value of the stock. This is of no significance in view of the conclusion which we reach.

The source of the funds received after the divorce is the estate of defendant's father, H. E. Krisman. Mrs. Seelig's father died on April 20, 1969, approximately three and one-half years before defendant obtained her divorce from plaintiff. Letters testamentary were issued May 22, 1969. Mrs. Seelig was co-executrix of the estate.

■ Title to the inherited properties passed to defendant upon the death of her father subject to the possession of the executors during the period of administration. The property was chargeable with expenses of administration and other claims § 473.-260. Defendant had title to the inheritance prior to the date of the decree of divorce. Although the exact amount had not been determined the time for filing claims had passed and a reasonable expectation could be readily determined. The only testimony which was admitted with respect to this

subject came from defendant.[2] She testified that the amount which she received was less than she had anticipated. The only evidence presented by plaintiff with respect to this issue was that defendant received the distribution above described after the decree of divorce had been granted. Title to the inheritance had passed to defendant and was a part of her net worth prior to and at the time the parties were divorced. The plaintiff failed to carry his burden of showing that the physical receipt of defendant's inheritance constituted a substantial change in circumstances.

The other element of substantial change found by the court was a decline in plaintiff's income. In view of the fact that the amount of alimony was reached by agreement as set forth in the stipulation we have no evidence of record as to be basis upon which this figure was determined. The stipulation is silent with respect to the representation of the parties as to their income and as to their reasonable needs.

The divorce was granted on December 6, 1972. Plaintiff's total income for the year 1972 was $60,041.81. Of this amount $17,017.81 consisted of extraordinary or non-recurring income. Plaintiff had capital gains upon the sale of assets and received his share of the profit-sharing plan of his former employer. The income from his employment as a stockbroker on commissions was $43,034.00. The record is devoid of any evidence indicating that the final figures on plaintiff's income were available at the time the stipulation setting the amount of alimony was entered into. The plaintiff's income from commissions in the full year preceding the divorce, 1971, was $32,195.15. His total income for 1971 was $32,738.15.

As plaintiff testified, the year following the divorce was a bad year for the stock market. Plaintiff's income followed the fortunes of the market in that year just as it had followed the good fortune of the market in the year before. In 1973 plaintiff's income from commissions dropped to $25,977.86. His total income for that year

was $26,142.86. Plaintiff's income from commissions for the first six months of 1974 was $9,273.77 with other income a total of $9,594.77.

The question before us is whether there was a change in circumstance by reason of the diminished income that was so substantial and continuing as to render the continued payment of alimony unreasonable. As the Commissioner's note to Section 316 of the Uniform Marriage and Divorce Act comments, "this strict standard [for modification] is intended to discourage repeated or insubstantial motions for modification."

There was a considerable loss of income shown especially for the first six months of 1974. There is, however, no showing that the needs of the defendant have been diminished. There is no evidence as to what those needs were at the time of the original decree. When called as a witness by plaintiff she testified that for the year 1973 she had income exclusive of alimony of $8,327.00; of this $1,200.00 was the balance of executrix fees which would be non-recurring. Thus her income was $7,127.00. There is a paucity of evidence respecting defendant's income at the time of the divorce. The only reference to defendant's income at that time was a comparison between two specific items. She now receives $500.00 per year more from H. E. Krisman Stores, the family corporation, than she did at the time of the divorce. She received $6.00 per year more in taxable dividends.

Defendant, who was 47 years of age, testified that she suffered from hypoglycemia, high blood pressure, irregular heart beat and chest pains and that she had been advised by her physician not to seek outside employment. She listed her expenses at $1,046.00 per month for herself and $455.00 per month for her son. Plaintiff listed his expenses at $655.00 per month, exclusive of alimony and support payments.

It has been said that reduction in income of the spouse who is under the obli-

---

**2.** Plaintiff invoked the husband-wife privilege when defendant sought to testify concerning

plaintiff's knowledge of the existence and the nature and extent of the estate.

gation to make payments of alimony or support is a proper factor to be considered, but that factor alone does not necessarily require a modification, particularly where there has been no substantial changes in the needs of the other spouse. Conversely it has been held an increase in the wealth and earning capacity of the spouse under the obligation to make payments does not justify an increase in such payments. *Markham v. Markham*, 506 S.W.2d 84 (Mo.App.1974). See also *Lane v. Lane*, 439 S.W.2d 550 (Mo. App.1969).

In this case plaintiff's evidence as to his commission income was that he had received $6,130.21 for the first five months of 1974 and $9,273.77 for the first six months. On this basis he averaged approximately $1,225.00 per month for the first five months and an increase to $3,143.56[3] for the sixth month. This would indicate some improvement in plaintiff's earnings. The evidence on behalf of plaintiff also reveals that early 1974 was a period of transition for plaintiff. His employer was taken over by another brokerage firm.

The income of plaintiff in the month of June should not be considered any more of a criteria of his capacity to pay than the income of the first five months of 1974. Nor can we say that his income for 1972 was or should have been used on the basis for the judgment for alimony or of the change in income at this time. Both plaintiff's past and present earnings constitute evidence of his capacity to pay. *Page v. Page*, 516 S.W.2d 537 (Mo.App.1974). We can not say that the decrease in earnings in 1973 and the first five months of 1974 partake of the character of continuing change contemplated by the statute.

We feel that the legislature in enacting § 452.370 intended to require a stricter standard for modification of a decree of dissolution than was formerly required. The court in this case made a finding that plaintiff's reduced earning constituted "a substantial change in circumstanc-

es." The court did not find that the change was "so substantial and continuing as to make the terms [of the decree] unreasonable." From plaintiff's own evidence it would appear that he can meet his own needs while meeting the needs of the defendant and that the terms of the original degree are not unreasonable.

Plaintiff urges that we use the criteria of § 452.335, section 1, to determine whether defendant is entitled to maintenance. This portion of the statute provides that maintenance can be awarded only if the court finds that the spouse seeking maintenance "(1) [l]acks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) [i]s unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home." Both these situations must be present to grant maintenance under this statute. This point was determined by the parties when they entered into the stipulation, and when entered into the decree it became res judicata. Until the moving party carries the burden imposed by § 452.370 the original decree may not be disturbed.

There is no substantial evidence in this case from which it can be said that plaintiff has carried the burden imposed upon him. *Butler v. Butler*, 483 S.W.2d 677 (Mo.App. 1972). There was no basis for modification of the decree with respect to alimony.

The trial court denied defendant's request for an allowance for attorney's fees. The applicable statute § 452.355, entitles a party to reasonable amounts of attorney's fees considering the relative financial condition of both parties. Such an award is in the discretion of the trial court and we review only for abuse of discretion. *Specking v. Specking*, 528 S.W.2d 448, 452[9] (Mo. App.1975). Under the evidence we find no

---

**3.** In plaintiff's testimony he gave the following breakdown for the first five months: $1,133.25; $2,229.29; $283.44; $937.84; $937.87. Using these figures his income for June would be $3,752.08.

abuse of discretion in the trial court's failure to award defendant attorney's fees.

The judgment is reversed so far as it terminates plaintiff's obligation to pay alimony. In all other respects the judgment is affirmed. Costs to be taxed to plaintiff.

CLEMENS, P. J., and KELLY, J., concur.