Richard C. ZIEBELL, Petitioner-Appellant,

v.

Joyce E. Ziebell McCLURE, Respondent.

No. 39443.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 30, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 16, 1979.

Application to Transfer Denied April 10, 1979.

Murry A. Marks, Clayton, for petitioner-appellant.

James F. Koester, St. Louis, for respondent.

STEWART, Judge.

Richard C. Ziebell (husband) appeals from the judgment of the trial court denying his motion to modify decree of dissolution so as to eliminate maintenance awarded to Joyce E. Ziebell McClure (wife).

We affirm.

The four year marriage of husband and wife was dissolved on May 7, 1975. The proceeding for dissolution was uncontested. The parties informally agreed that wife should receive the sum of $1,200.00 in gross, $300.00 per month maintenance and $600.00 attorney fee. The court entered a decree in accordance with the request of the parties.

Husband filed a motion to modify on December 30, 1976, approximately a year and a half after the marriage was dissolved. He alleged that wife was gainfully employed with earnings sufficient to sustain herself and that husband had remarried and as a result had added financial responsibilities. Wife filed a counter motion seeking an increase in maintenance.

In the year 1975 husband had a gross income of $34,596.00 with a net, after business expenses, of $27,552.00. In 1976 he had a gross income of $40,452.00. His testimony indicated that his net income would be $23,543.00. Husband has three daughters by a previous marriage. One of the daughters is emancipated. He pays support of $100.00 per month for each of the younger girls and an additional $1,680.00 per year for educational expenses for the second child. He listed his living expenses at $1,795.00. These included the child support, payment of a debt to his father and the payment of maintenance to wife. His present wife, whom he married on December 23, 1976, assists with household expenses and is not a financial burden.

Wife had been employed prior to the marriage and earned $500.00 per month. She was not employed during the marriage. At the time of the hearing on the motion wife was employed as a bookkeeper with an income of $9,825.00 per year. Her gross pay per month was $818.75. Her monthly net was $575.00. She testified to specific increases in the cost of food, utilities, insurance and other items for a total increase of approximately $185.00 per month.

The parties had lived in the home owned by wife upon which there was an obligation of $17,000.00.

The court denied husband's motion to modify and wife's request for attorney fees. It also denied wife's motion to modify.

The court was not asked to make findings of fact and conclusions of law and no findings and conclusions were made. Factual issues are deemed to be found in accordance with the result reached. *In Re Marriage of Prenavo*, 556 S.W.2d 463, 465 (Mo.App.1977). Our review is further governed by the principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976), which have been so often repeated that they need no exposition here.

We agree with husband, as conceded by wife, that the award of maintenance in this case is decretal and not contractual, and that it is subject to modification. To warrant modification of a decree awarding maintenance there must be "a showing of changed circumstances so substantial and continuing as to make the terms [of the decree] unreasonable." § 452.370. The award of maintenance as agreed upon by

the parties is res judicata as to the need for maintenance in accordance with the formula of § 452.335.1(1), (2). *Seelig v. Seelig*, 540 S.W.2d 142 (Mo.App.1976).

■ The burden was upon the husband to show a change in circumstances such as would warrant elimination of maintenance to wife. *Seelig*.

■ It is clear, as noted by the trial court, that the award of $300.00 per month maintenance was not intended to meet wife's reasonable needs. It was contemplated that wife would return to work and that the maintenance would supplement her income toward meeting her reasonable needs. This is borne out by the testimony of husband at the dissolution hearing. His counsel asked: "And you do understand that the three hundred dollars a month will continue after she goes to work and earns her own money?" Husband answered: "Unless she gets married or something."

In 1970, before the marriage, wife had been earning approximately $500.00 per month. At the time of the motion to modify in 1977 she was earning a little over $800.00 per month with a take home pay of $575.00 per month. Considering the inflationary state of the economy her present rate of pay is comparable to her rate of pay in 1970. The parties in agreeing upon the amount of decretal maintenance understood that wife was employable and capable of earning an amount comparable to that which she had earned before marriage. The court could reasonably find that there had been no substantial change in wife's situation so as to make the terms of the decree unreasonable.

Husband would argue that he has had a decrease in income. In his brief he states that his net income after business expenses in 1975 was $27,552.00 before a tax refund of $625.00, and that his net income for 1976 was $23,543.39. We note from husband's tax return for 1975 that he had a gross income of $34,596.80 with business expenses of $7,044.52 resulting in the net income of $27,552.28. With respect to 1976, husband testified, "I have a breakdown on my gross, your Honor, of net income after business expenses was $23,543.39. My gross income was $40,452.73, less taxes and then less my business expenses." Subsequently the court questioned husband as follows:

"Q. (by the court) The only thing we wanted to know is in 1976 your gross income was about $40,453? A. That is correct.

Q. And you had business expenses, however, in 1976 of approximately 68—

A. That is based on the—I haven't completed my 1976 income tax forms yet, but that is based on what I have out of my ledger sheet that I maintain.

Q. Those are the expenses you are going to claim?

A. Yes; plus there are a few other miscellaneous ones.

Q. All right. About $6,859; is that correct?

A. That is correct, sir."

In comparing the income for 1975 and 1976 the same criterion for determining net income should be used. In 1975 the criteria was gross income less business expenses resulting in a figure of $27,552.00 which husband termed his net income. Using the same criteria for 1976, reducing the gross of $40,453.00 by $6,859.00, the resulting figure would be $33,594.00.

Husband, a salesman, is given a base salary plus 2% of his sales for each month and a percentage of the margin of profit for each quarter of the year. His income and expense statement filed on February 21, 1977 shows monthly gross income before taxes, of $2,336.94 or an annual gross of $28,043.28. This could not be based on the previous year's income of $40,453.00. The only possible explanation that would be apparent to the trial court is that this figure represented husband's income for the first month of the year 1977. This figure, of necessity, could not have included the percentage of net income for the first quarter of 1977.

Husband's income and expense statement lists his monthly take home pay after taxes and business expenses as $1,961.86. We have extended this amount for a twelve month period and noted that the figure of $23,542.32 is practically the same figure given in husband's brief as his net income for

1976. This may account for an apparent misunderstanding when husband first testified to a net of $23,543.00 on gross income of $40,453.00.

Even taking the view most favorable to husband, with a net income of $1,961.86 per month husband lists his monthly expenses at $1,795.00. His monthly expenses include the payment of maintenance in the same of $300.00. It thus appears that husband can meet his own needs and still meet the needs of wife. See *Seelig, supra.*

The trial court could reasonably find that there had been no substantial and continuing change as to wife's needs, her ability to meet those needs as reasonably anticipated by the parties or in husband's ability to meet those needs. See *Plattner v. Plattner,* 567 S.W.2d 139 (Mo.App.1978) and *Seelig, supra.*

The judgment of the trial court is affirmed.

STEPHAN, P. J., and KELLY, J., concur.