Georgene W. LoPICCOLO,
Petitioner-Appellant,

v.

Vincent James LoPICCOLO,
Respondent-Respondent.

Nos. 39483, 39576.

Missouri Court of Appeals,
Eastern District,
Division 1.

April 10, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1979.

Application to Transfer Denied
June 19, 1979.

Gentry, Bryant & Hereford, Stephen M. Hereford, Clayton, for petitioner-appellant.

Vincent J. LoPiccolo, pro se.

SNYDER, Presiding Judge.

Both parties appeal from an order modifying a dissolution decree. For clarity, the parties will be referred to in their original roles as Petitioner (wife) and Respondent (husband).

Both parties contend the trial court erred in its judgments respecting maintenance, attorneys' fees and a Prudential life insurance policy. Respondent also claims error in the trial court's refusal to reduce child support payments. The judgment is affirmed.

The marriage of the parties was dissolved in March 1975 after approximately 16 years of marriage and the birth of five children. The opinion in the appeal following the decree is reported as *LoPiccolo v. LoPiccolo*, 547 S.W.2d 501 (Mo.App.1977). Petitioner, who was 38 at the time of the dissolution hearing and who had not worked during the marriage, was awarded $4,000 per year maintenance, a total of $940 per month child support and about one-half the marital property. Respondent, a physician, was awarded a corresponding share of the marital property.

Respondent became dissatisfied with his obligation under the decree and filed his Motion to Modify on March 11, 1977, seeking a reduction in child support and elimination of maintenance. Petitioner responded with her own Motion to Modify, requesting increases in both payments.

At the modification hearing, evidence was adduced to the effect that Respondent's net income had decreased since the original hearing by about $15,000 per year, due to health problems. At the same time, Petitioner's income had increased from nothing to a minimum of $7,200 per year gross, plus commissions.

Although Petitioner testified that her current total expenses were about double the amount she had estimated at the original dissolution hearing, evidence was presented supporting a finding that her then current income approximated the difference between her total reasonable needs and the amounts she received from Respondent in the form of child support. Nothing was preserved in the record as to Respondent's current level of expenses or reasonable needs.

Thereafter, the trial court entered its order finding that the Petitioner was "meeting her reasonable needs through employment," terminating maintenance as to the future but ordering Respondent to pay the full $4,000 annual installment for the period March 14, 1976 to March 13, 1977, awarding Petitioner $1,500 in attorneys' fees against her total claim of $5,370, awarding a $5,000 insurance policy on Respondent's life to Petitioner, and denying Respondent's request for a child support reduction. Respondent's motion to consolidate the respective appeals was granted.

In her first point, Petitioner contends that the trial court erred in terminating maintenance in accordance with Respondent's motion to modify, rather than granting the increase she requested in her counter-motion. This actually presents two questions for review, but resolution of the

former, being adverse to her, is necessarily dispositive of the latter.

Petitioner argues that the trial court improperly applied the standards set out in § 452.335.1[1] in arriving at its determination, rather than those of § 452.370, and that application of § 452.370 to the facts would require a different result. Section 452.370 governing support and maintenance modifications, requires a finding that there has been a substantial and continuing change in conditions rendering the terms of the dissolution decree unreasonable prior to any modifications. Petitioner's objection is based on the fact that, although the trial court specifically found that "Petitioner is meeting her reasonable needs through employment" (one of the criteria set out in § 452.335.1 authorizing a denial of maintenance in original dissolution proceedings), it made no findings couched in the terms set out in § 452.370.

Petitioner is correct in pointing out that the criteria of § 452.335.1 are not properly applied in modification proceedings for the purpose of determining whether a modification is warranted. *Seelig v. Seelig,* 540 S.W.2d 142 (Mo.App.1976). This is because original determinations in dissolutions are *res judicata* until a modification movant has carried the burden of showing changed circumstances as required by § 452.370. *Seelig, supra,* 147.[2] However, the case at bar is distinguishable from *Seelig* in that the evidence here supports a finding of substantial and continuing change in the circumstances of both parties.

Specifically, there was evidence that Respondent's net annual income decreased by about $15,000 between 1974 and 1976, while Petitioner's net earnings rose to a level at which they approximated the difference between her total expenses and the child support she receives. The changes are continuing in nature because Respondent's decline in income was due largely to health prob-

lems, and he has found it necessary to bring in another physician to assist him in his practice. Petitioner's earnings have increased substantially since the decree of dissolution and she will continue to work. The foregoing meets the requirements of § 452.370, as interpreted by *Seelig, supra,* requiring that something more than a mere decrease in the obligor spouse's income be shown. Consequently, the trial court's application of the language contained in § 452.335 did not prejudice the Petitioner.

Petitioner then advances several additional arguments against the termination of maintenance. She says the trial court ignored the effects of inflation, speculated on her future income and failed to consider her reasonable needs. After a thorough review of the record and giving due consideration to the applicable standard of review, this court finds that the trial court did not err in terminating the maintenance award. The decision to terminate was supported by substantial evidence, was not against the weight of the evidence and did not erroneously declare or apply the law. *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976).

Respondent, however, wants more. He claims the trial court erred in ordering him to pay the annual $4,000 installment which was due March 13, 1977 for the preceding year under the terms of the original decree. His contention is without merit.

Respondent's motion to modify was filed on March 11, 1977, two days before the payment for the prior year was due. Three hundred and sixty-three days of the period had already passed. Moreover, the evidence supports a finding that Petitioner continued to have a substantial variance between her total resources (exclusive of maintenance) and her expenses during the period from March 14, 1976 to March 13, 1977, whereas Respondent enjoyed a disposable income of $23,000 after taxes, child

1. All statutory references are to RSMo Cum. Supp.1975.

2. This is not to imply that the criteria of § 452.335 may not be resorted to for guidance

in redetermining eligibility for maintenance *once the modification movant has satisfied the requirements of § 452.370.*

support, insurance and tuition payments.[3] Applying the customary standards in *Murphy, supra,* there was no error in the trial court's refusal to modify the 1976–1977 maintenance installment.

Both parties attack the award of $1,500 in attorneys' fees to Petitioner. Petitioner asserts that her entire $5,370 claim should have been awarded, whereas Respondent contends that there should be no award.

The trial court specifically found that Petitioner was entitled to be compensated for defending the motion brought by her former spouse; but because her counter-motion to modify was without merit, the court allocated no fees for its prosecution. Petitioner objects on the basis that her motion was not without merit, and alternatively that there was no evidence to support the court's breakdown and allocation of $1,500 to the defense of Respondent's motion.

Section 452.355 directs the court to "consider all relevant factors including financial resources of the parties" in awarding attorneys' fees. This has been held to grant wide discretion to the trial court, and appellate courts should not interfere with such awards absent a clear showing of abuse. *In re Marriage of Frankel,* 550 S.W.2d 896 (Mo.App.1977).

■ As for Petitioner's first ground of objection, the record supports the trial court's finding that her motion was without merit. The only significant changes in circumstances that had occurred at the time she brought her motion were uniformly in her former spouse's favor, and it is hardly conceivable that she had any realistic expectation of carrying the burden set by § 452.370. The trial court was within its discretion in considering the lack of merit of her motion as one factor bearing on the award of fees under § 452.355. *Hawkins v. Hawkins,* 250 S.W.2d 817 (Mo.App.1952).

■ Petitioner also argues that the allocation of $1,500 for defense is unsupported by any evidence. In Missouri, courts are not bound by counsel's testimony as to the value of services rendered. *Knauss v. Knauss,* 425 S.W.2d 713 (Mo.App.1968). Courts, being themselves experts on the issue of attorneys' fees, need have no evidence adduced on the subject to enable them to fix a fee award. *Beckman v. Beckman,* 545 S.W.2d 300 (Mo.App.1976).

■ Respondent, on the other hand, contends that the award of any fees whatever was error because Petitioner could better afford the expense, citing evidence that his liquid assets were exhausted. Respondent's authority for this proposition, *In re Marriage of Frankel, supra,* however, deals with the exhaustion of *all* assets. Respondent's own evidence indicates he owns stocks, furniture, retirement and pension plans, automobiles and receivables totaling approximately $55,600 in value. Evidence touching Petitioner's assets indicates a total value considerably less than those of Respondent. Neither party has demonstrated an abuse of discretion under § 452.355. There was no error in the trial court's award of attorneys' fees.

■ Petitioner's final point concerns the $5,000 face value insurance policy on Respondent's life which was awarded her in the original decree of dissolution. She asks that it be transferred to her unencumbered by a loan obtained by Respondent. The policy, with a cash value of $1,300 was never turned over to her. Respondent admitted borrowing $700 on the policy, thereby effectively reducing its cash value by that sum. The loan was obtained after the modification hearing started on June 2, 1977 and before the hearing resumed on June 23, 1977.

Respondent may not unilaterally accomplish a property distribution modification by encumbering the cash value of an insurance policy awarded to his former wife before turning it over to her. This court in its decision on the appeal in the dissolution proceeding affirmed the award to Petitioner of the life policy with a cash value of

---

3.   Respondent argues that his expenses approximately equaled his income at the time, and refers us to his "Exhibit # 7," apparently an income and expense statement. The record as certified to us contains no such exhibit, and we therefore presume that the contents thereof support the trial court's determination. *Bryan v. Bryan,* 452 S.W.2d 293, 295 (Mo.App.1970).

$1,300. *LoPiccolo, supra.* Petitioner is entitled to the policy and the full $1,300 cash value unencumbered by loans, pledges or assignments. § 452.330.4.

In its modification order, the trial court again found that the policy was the property of the Petitioner but said nothing about the loan or the reduction in cash value. However, the trial court's modification order pertaining to the insurance policy was superfluous. The original award made in the dissolution decree as affirmed on appeal remained in effect. Respondent must comply with it by restoring the policy to its full value and transferring the policy to Petitioner. Should Respondent fall short of compliance, Petitioner is entitled to the aid of execution or other appropriate legal processes to enforce the judgment.

Respondent also objects to the modification order as it affects the insurance policy. He argues that the policy was not marital property subject to distribution in the first instance. In answer, it is sufficient to note that the issue is *res judicata,* having been determined against him in the dissolution proceeding, and may not be raised at this time.

Similarly, Respondent's argument that the original decree suffered from confusion in the language awarding the policy, is also to no avail. The original decree as affirmed on appeal specifically awarded the policy with a $1,300 cash value to the Petitioner. It is too late to attack that judgment in this proceeding.

■ Respondent further complains that the trial court erred in failing to reduce child support, arguing that Petitioner could afford to make up a $200 per month deficit if his payments were reduced by that sum. Respondent evidently contemplates continued payments by himself at the existing rate, but desires to have the sum of $200 set aside each month in an educational trust.

Although his purpose is admirable, Respondent advances no legally cognizable reason for finding the trial court's action erroneous. A movant seeking child support modification must show the usual changes in circumstances under § 452.370. Here, although Respondent's income had declined, there was no corresponding showing of a change in the children's needs, of an increased ability of the Petitioner to contribute to their support, or of hardship on the Respondent sufficient to render the order below reversible under the standards of *Murphy, supra.*

■ Respondent's final point is that "the Appeals Court was forced to make their decision based on incomplete and inaccurate testimony from Appellant." This statement does not comply with Rule 84.-04(d) in that it identifies no action or ruling by the trial court that is allegedly erroneous. *Thummel v. King,* 570 S.W.2d 679 (Mo.banc 1978). The point will not be discussed except to note that the issue it apparently seeks to raise pertains to matters which were before this court in the parties' first appeals and which, therefore, cannot be considered in this appeal of the modification order.

The judgment of the trial court is affirmed.

WEIER, C. J., and SMITH, J., concur.