### Linda Lea MAYNARD, Respondent-Petitioner,

v.

### Marion Dale MAYNARD, Appellant-Respondent.

### No. 41381.

Missouri Court of Appeals, Eastern District, Division Three.

June 17, 1980.

Thomas J. Briegel, Union, for appellant-respondent.

Frank K. Carlson, Union, for respondent-petitioner.

CRIST, Judge.

The court below granted a dissolution to wife/respondent on February 2, 1979, after default by husband/appellant. On February 13, 1979, husband filed a motion to set aside the default judgment. On February 26, 1979, after a hearing, the trial court overruled husband's motion.

Husband appeals on the ground that there was no substantial evidence to prove wife was entitled to maintenance in the sum of $50.00 per month. We disagree.

■ Wife's dissolution petition was in usual form as to the one-year marriage, marriage breakdown, property division, and absence of children. She alleged husband "is gainfully employed, and he is earning a substantial salary." She prayed that husband be directed to pay her "the sum of Fifty Dollars ($50.00) per month for her maintenance." The effect of the default was to admit the traversable allegations of fact contained in the petition. *Sumpter v. J. E. Sieben Construction Co.*, 492 S.W.2d 150, 153 (Mo.App. 1973).

Husband does not seriously question that wife lacks sufficient property to provide for her reasonable needs. Section 452.335 (1) subd. (1), RSMo. 1978. There was very little separate and/or marital property. Wife had no income producing property.

Husband basically contends there was no substantial evidence to prove wife was unable to support herself through appropriate employment. Section 452.335 (1) subd. (2), RSMo. 1978.

We believe there was substantial evidence to show wife was unable to support herself. Wife had a high school education. Her work experience consisted of five months as a part-time secretary. She had had no special training. She made $240.00 per month. Her parents helped support her because she could not live on $240.00 per month. We hold this evidence was sufficient for the trial court to find that "because of the education and training of the petitioner she is unable at this time to wholly support herself by her own endeavors." *Raines v. Raines,* 583 S.W.2d 564, 567 (Mo. App. 1979).

The judgment is affirmed.

DOWD, P. J., and REINHARD, J., concur.