**Pat HARRISON, Respondent,**

v.

**Winston HARRISON, Appellant.**

**No. WD 31208.**

Missouri Court of Appeals, Western District.

Sept. 2, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 1, 1980.

Application to Transfer Denied Nov. 12, 1980.

B. Daniel Simon and H. C. Willbrand, Columbia, for appellant; Brown, Willbrand, Simon & Eng., P. C., Columbia, of counsel.

David B. Rogers, Columbia, for respondent; Smith, Lewis, Rogers & Beckett, Columbia, of counsel.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and KENNEDY, JJ.

PRITCHARD, Judge.

■ Appellant father contends that there was no substantial evidence to justify an increase of child support because respondent adduced no evidence of the costs of supporting herself and the minor children as of the date of the original decree, February 25, 1976. He says this makes it impossible for the trial court to compare the costs of support then with those existing at the time this motion to modify was heard, and therefore there was no "showing of changed circumstances so substantial and continuing as to make the terms [of the original degree] unreasonable." (Brackets added.) § 452.370.1 RSMo 1978.

At the time of the original decree the two children were seven and eleven years old, so at the time of this hearing, June 12, 1979, they were each 3¼ years older. The February 25, 1976, decree awarded respondent $300.00 per month as child support for each (a total of $600.00), and it is true, as appellant says, that there was no evidence as to specific items of costs of support at that time. The question is whether other evidence is sufficient to justify the court's modification decree increasing the child support to $500.00 per month per child.

At the time of the original decree, respondent was an unemployed student and her income was that provided by appellant: $600.00 per month periodic maintenance for two years and $100.00 per month thereafter; plus maintenance in gross of $35,000.00, payable in ten yearly installments with interest; and the child support. Since that time respondent has obtained two degrees, a Masters in Education and an Educational Specialist degree, and she had been employed since October, 1977, as a guidance counselor, and had at the time of hearing $15,960.00 per year from her employment. Appellant, a physician and sole shareholder of a professional corporation, had an adjusted gross income of $46,837.00, at the time of the original hearing. Since the dissolution decree his earnings had increased to $60,147.00 per year. Neither of these income figures reflect contributions of the corporation to pensions or profit sharing plans made on his behalf. Both income figures are before maintenance payments.

Respondent testified in detail as to her actual present total monthly expenses for the two sons in six basic areas (not here set forth) of support. That figure came to $1,016.00 per month. In addition, she testified that in all areas of support items, the expenses are $1,200.00 to $1,500.00 per month. In addition to increases in the cost of living in about 3½ years, these factors caused child support needs to increase: The children are older and their clothes cost more; they are involved in more activities to which transportation costs more; they no longer receive professional courtesy for their medical bills; two of them go to camp instead of one; and one of the children is now having orthodontic work, and the other will have to have bottom teeth straightened. Banker Kelley J. Isherwood testified as an expert that there had been a general increase in prices of about 25% since early 1976.

The original decree is not in evidence, but whatever facts then existed to justify the then award of $300.00 per month per child as support would, as respondent suggests, be res judicata on the issue. *Seelig v. Seelig*, 540 S.W.2d 142, 145 (Mo.App.1976). What was sufficient at that time is clearly shown to be insufficient at the time of this hearing.

The case of *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo. banc 1979), lays to rest appellant's contention that there was no evidence to support the issue of changed circumstances from those of the original decree. There the original award for child support was increased on modification proceedings. The court noted, page 917, "The evidence disclosed that by reason of inflation and the child's attainment of school age the costs of her needs had risen substantially." The court noted further that the father's income had increased in the three year period, that the trial court took

judicial notice of the increased cost of living during that period, and said, "The burden of proving the same rests with movant, *Sifers v. Sifers*, 544 S.W.2d 269, 270[1] (Mo. App.1976); but, the fact a child has grown older and has more needs, aggravated by the increase in cost of living, has been held to be sufficient to increase an award of support due to changed circumstances. *McGinley v. McGinley*, 513 S.W.2d 471, 473[4] (Mo.App.1974). Similar changed conditions appear in the instant case."

The *Kieffer* court went on to distinguish *Plattner v. Plattner*, 567 S.W.2d 139 (Mo. App.1978), here cited and relied upon by appellant, upon the basis (which is likewise here applicable) that the there movant relied upon uncorroborated and varying estimates, instead of producing clear and unequivocal evidence that the expense of supporting the child had increased substantially. Here, respondent produced definite and documented evidence (cancelled checks, etc.) of increased support costs, which along with that of general living costs increases, supports the award. See the detailed evidence of increased needs, including spiraling inflation and the fact that the children had become adolescent, in *Morris v. Morris*, 549 S.W.2d 363, 365 (Mo.App.1977), a situation similar to that here posed.

Appellant has a clear duty to support his children in accordance with their needs and his ability to pay the support. The evidence is that he is well able to support them what with his substantially increased income as a physician, and there is no evidence to the contrary.

Appellant secondly complains that the trial court erred in awarding respondent $1,350.00 attorneys' fees, because there was no evidence of changed circumstances (which is answered above) and that the court failed to consider respondent's financial resources. It is true that respondent's income capabilities, and her actual income, had improved since the original decree. But the *Kieffer* case resolves the issue in its holding, construing § 452.355, that the trial court, in awarding attorneys' fees may consider all relevant factors including the financial resources of both parties. There both parties were able to pay attorneys' fees, but the court said that the appellant (husband) could more easily absorb that cost, and it was not shown that the court abused its discretion. Although it may be that respondent could pay her own attorney fees, she did, as in *Kieffer*, have to resort to the court to obtain support increases, and the respective gross incomes of the parties are disparate. No abuse of discretion is shown in this award.

The judgment is affirmed.

All concur.