Karen L. FLOWERS,
Petitioner-Respondent,

v.

Gerald W. FLOWERS,
Respondent-Appellant.

No. 11922.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 23, 1981.

Loren R. Honecker, Springfield, for respondent-appellant.

Kenneth W. Johnson, Springfield, for petitioner-respondent.

MAUS, Chief Judge.

The marriage of the petitioner mother and respondent father was dissolved on October 11, 1974. The mother was awarded custody of their son, then one year of age. She was awarded child support in the amount of $100 per month. In this action, heard and determined in July, 1980, the trial court increased the child support from $100 per month to $200 per month. The father appeals.

At the time of the dissolution the mother was working as a beauty operator, although her clientele kept her busy only part time. She earned $30 to $50 per week. At the time of the hearing, she worked as an electrologist and cleaned an office one night each week. Her net income averaged $837.50 per month. She lived in a rented house. She presented evidence that her monthly expenses were $1,183. Of this amount, $541 was attributed to general family expenses, including house rental and automobile expense. Of the balance, she attributed expenses of $299 for herself and expenses of $343 for the child. She demonstrated that the cost of caring for the child had increased and was increasing as the child grew older and progressed in school. She presented expert testimony concerning the inroads of inflation from 1974 to 1980. The expert witness testified that what cost $1.00 at the time of the dissolution decree would cost $1.65 at the time of the hearing on the motion. In the five months before the hearing, the cost of living had forced her to reduce her savings account from $1,000 to $500.

On the other hand, at the time of the dissolution, the father had an annual income of $7,592.00 or a net income of $247.81 each two weeks. At the time of the hearing on the motion, the father was remarried. His wife had a child by a prior marriage, for whose support she received $100 per month. The father and his second wife had one child. The father and his second wife both worked and each had gross earnings of approximately $13,790 per year. In addition, in 1979 the father earned $2,376.70 as a member of the National Guard. Fig-

ures on the father's take-home income were confusing, but at a minimum, they clearly supported the trial court's observation that such income was $424.52 each two weeks, plus what he was paid for National Guard summer camp which was $515 in 1980. The father and his second wife owned their home valued at $39,900 in which they had accumulated an equity of $13,700. The father presented evidence that his total family expenses were $2,034 and that of that amount he paid one-half. These monthly expenses included a house payment of $284, other loan payments of $287 and transportation expense of $456.

The father attacks the judgment of the trial court in his argument by a series of legal or factual propositions, each of which he asserts causes that judgment to be erroneous. He first cites the applicable statute and correctly asserts the trial court could properly modify the dissolution decree "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable". § 452.370, RSMo 1978. He further correctly asserts the basis of this statutory rule is the doctrine of res judicata and he cites cases such as *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo. banc 1979). However, these propositions do not aid the father as it has been repeatedly held that circumstances such as those present in this case can be found to be a basis for modification of the amount of child support. "[B]ut, the fact a child has grown older and has more needs, aggravated by the increase in cost of living, has been held to be sufficient to increase an award of support due to changed circumstances." *Kieffer v. Kieffer*, supra, 590 S.W.2d at p. 917. "There was evidence that the children were older and had increased living expenses. The mother testified to increase in food, clothing, medical, dental, recreational, and other expenses. There was evidence that the cost of living had increased, and that father had increased income. If true, these facts support the increased award." *DePew v. DePew*, 590 S.W.2d 404, 404 (Mo.App.1979). Also see *Harrison v. Harrison*, 606 S.W.2d 234 (Mo.App.1980); *In Re Marriage of Zimmerman*, 592 S.W.2d 171 (Mo.App.1979).

The father also argues the trial court erred because the mother did not establish the amount of her parental expenses at the time of the dissolution. This point has been decided against the father. "What was sufficient at that time is clearly shown to be insufficient at the time of this hearing." *Harrison v. Harrison*, supra, 606 S.W.2d at p. 235. Also see *Kieffer v. Kieffer*, supra. The same is true of the father's argument concerning the failure of the trial court to make express findings in the language of § 452.370. *LoPiccolo v. LoPiccolo*, 581 S.W.2d 421 (Mo.App.1979). The father then contends he should not pay $200 per month because his evidence shows that he cannot meet his regular expenses. The father overlooks his own admissions that he and his present wife have a gross income in excess of $31,000 per year; their annual itemized expenses total approximately $25,000; they pay approximately $3,000 in taxes and these figures leave $3,000 unobligated. Further, the trial court was not required to accept the father's estimate of his own expenses. *Eastes v. Eastes*, 590 S.W.2d 405 (Mo.App.1979).

As stated, the evidence did establish sufficient changed circumstances to constitute a basis for modification. "A minor child is legally entitled to reasonable support, both mental and physical, from each parent. The paramount concern of a court in all child support cases is the need of the child. The amount of support required and the ability of each parent to provide such support are questions which rest primarily with the trial court." *Flynn v. Flynn*, 604 S.W.2d 785, 786 (Mo.App.1980). In determining the child support to be paid by the father, it was proper for the trial court to look to § 452.340 for guidance. *LoPiccolo v. LoPiccolo*, supra. "The award of child support is a matter properly within the sound discretion of the trial court." *Guignon v. Guignon*, 579 S.W.2d 664, 666 (Mo.App. 1979). The trial court did not abuse that discretion by increasing the child support from $100 to $200 per month and the judgment is affirmed.

BILLINGS, HOGAN and PREWITT, JJ., concur.