John Madison SMITH, Appellant,

v.

Martha SMITH, Respondent.

No. 43242.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Edward P. Burke, Clayton, for appellant.

Conway B. Briscoe, St. Louis, for respondent.

CRIST, Judge.

Former husband (husband) appeals from trial court's modification of a dissolution decree providing maintenance for former wife (wife). We affirm.

The couple's marriage was dissolved February 10, 1975. The couple stipulated, and the trial court decreed, wife was to have custody of their daughter, the family home, car and all savings accounts. Further, husband was to pay $300.00 per month maintenance, all of wife's medical expenses, and $125.00 per month child support.

On June 8, 1977, the decree was modified whereby wife's maintenance was reduced to $215.00 per month and the provision for wife's medical expenses eliminated.

On October 3, 1978, the dissolution decree was again modified by awarding custody of daughter to husband and terminating husband's obligation to pay child support. This change of legal custody was done by agreement of husband and wife.

On August 13, 1979, husband filed his motion to modify praying for elimination of all payments of maintenance to wife. On June 23, 1980, the trial court found continual and substantial change of circumstances by the change of custody under § 452.370, RSMo.1978, and reduced maintenance payments from $215.00 per month to $180.00 per month.

Husband asserts error on the part of the trial court in not following the guidelines of § 452.335 in determining the modification of maintenance. The trial court *may* look to these criteria for direction in redetermining maintenance, *LoPiccolo v. LoPiccolo*, 581 S.W.2d 421, 424 (Mo.App. 1979), but there is no requirement that it do so. In any event, the trial court's extensive recitation of the evidence reveals that it did consider the criteria of § 452.335 in reducing wife's maintenance.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears and an extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

REINHARD, P. J., and SNYDER, J., concur.