**In re the Marriage of Roger F. SELLEW, Petitioner-Appellant,**

v.

**Carol L. SELLEW, Respondent.**

No. 47408.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 19, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Aug. 8, 1984.

David C. Godfrey, Clayton, for petitioner-appellant.

Michael Anthony Kafoury, Clayton, for respondent.

KAROHL, Presiding Judge.

Former husband appeals modification of decretal maintenance increasing the award from $550.00 to $800.00 per month and contests the award of attorney's fees. The decree adopted an agreement of the parties that respondent wife receive $550.00 per month as decretal maintenance until August 1986 when the house will be paid off, and after that $250.00 per month. Respondent wife's motion to increase the $250.00 per month child support for her sixteen-year old daughter was overruled and that decision has not been appealed. The trial court granted $2500.00 in attorney's fees to the wife's attorney.

Two years before the dissolution respondent was afflicted with multiple sclerosis. As a result she is medically disabled from gainful employment for wages. However she receives benefits from disability insurance and social security for herself and her daughter. Since the dissolution her medical condition has improved.

■ The decree was granted on March 26, 1981 and the motion to modify was filed on February 16, 1982. In order to prevail movant wife had to prove changed circumstances so substantial and continuing as to make the terms of the decree unreasonable. § 452.370, RSMo Supp.1983. *Ziebell v. McClure*, 578 S.W.2d 66, 67 (Mo.App. 1979). Movant bears the burden of proof. *Id.* at 68. The trial court increased her maintenance award by $250.00 per month. Husband appeals.

In reviewing a judgment modifying a dissolution decree,

It is the duty of this court, ... to review the evidence and render such judgment as we think proper under the law and the evidence. In other words, we are not bound by the finding of the trial court. However, it is also the settled rule that the finding of the trial judge on motion to modify should not be lightly disturbed, and should, in fact, be deferred to, unless it is apparently in conflict with a clear preponderance of the evidence and discloses a manifest abuse of judicial discretion. *Watkins v. Watkins*, 230 S.W.2d 778, 782 (Mo.App.1950).

Appellant contends that there was insufficient proof that intervening changes justified an increase in maintenance. At the time of the decree respondent wife received $749.00 in disability insurance, $572.00 in disability social security benefits and $550.00 in monthly maintenance, a total of $1,871.00 per month. At the time of the decree respondent wife received $286.00 in disability social security benefits for her daughter and $250.00 in child support from appellant. At the time of the motion hearing respondent received $749.00 disability insurance, $676.00 social security and $550.00 maintenance, a total of $1,975.00 per month. On behalf of the daughter wife also received $344.00 social security benefits and $250.00 child support. Income for the wife/daughter family unit increased $162.10 per month.

At the modification hearing wife testified that her monthly expenses were $2,755.00, but she admitted that some were anticipated and not actual expenses. Husband did an analysis of all the checks wife wrote from January, 1982 until November, 1982 and all withdrawals from her only bank account. This analysis revealed that the average monthly expenses of her and her daughter were $2,604.63 which is approximately $35.00 more than their income.

■ On these facts the court erred in awarding an increase in maintenance to respondent wife in the amount of $250.00 per month. Wife was only able to prove a need for an additional $35.00 per month. She failed to prove that with her current resources she was denied any necessities. On appeal we can modify the trial court judgment to what it should have been. Rule 84.14. *Murray v. Murray*, 538 S.W.2d 587, 588 (Mo.App.1976). We amend the modification to give her $585.00 in maintenance until August 1986, $285.00 after that and $250.00 for child support for a

monthly total of $835.00. The fact that husband's income has increased substantially since the dissolution is relevant only to show that the husband is able to pay the additional cost. *Plattner v. Plattner*, 567 S.W.2d 139, 142 (Mo.App.1978). Here husband will be able to pay the additional $35.00.

 Appellant contends that the court erred in failing to honor his request for findings of fact. Respondent filed a written motion in general terms without specifying the controverted fact issue or issues on which he requested findings. In this respect the motion was deficient. Rule 73.-01(a)(2). *Boone v. Boone*, 637 S.W.2d 249, 250 (Mo.App.1982). There was only one issue before the court, a change in circumstances relating to increased income and expenses. Although not yet recognized as a ground for reversal, the failure of the court to honor the request can create a hardship. In the event the trial court believes a request is inadequate due to generality, it should request that the motion be made more specific or withdrawn and proceed to make the requested findings. *Hahn v. Hahn*, 569 S.W.2d 775, 778 (Mo. App.1978). Failure to provide findings of fact here is not reversible error.

Appellant also contests the award of attorney's fees to respondent wife's attorney for failure to prove need and reasonableness of the request. The services rendered were detailed by a sworn affidavit of counsel incorporating detailed statements describing the date of service, time expended and the services rendered. The determination of reasonableness was for the trial court without expert testimony. *Hopkins v. Hopkins*, 591 S.W.2d 716, 719–720 (Mo.App.1979). The evidence supported a finding that the wife's income was less than her monthly living expenses, and that she had no savings or funds from which to pay her attorney's fee. Need was therefore proven. We find no abuse of discretion in the award of fees.

The judgment modifying the award of maintenance is amended. The award of attorney's fees is affirmed.

REINHARD and CRANDALL, JJ., concur.