Paris MOSELEY, Respondent,

v.

Betty MOSELEY, Appellant.

No. 15109.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 4, 1988.

---

2. The jury was instructed on self-defense as a justification; MAI–CR2d 2.41.1, appropriately modified, was given as Instruction No. 10.

John Alpers, Jr., Cabool, for appellant.

John E. Price, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for respondent.

HOLSTEIN, Judge.

Appellant Betty Moseley (Betty) appeals from a judgment modifying an earlier decree under which respondent Paris Moseley (Paris) was to pay her $500 per month maintenance. Under the modification, all maintenance was terminated. Two points are raised on appeal. In Betty's first point, she asserts the trial court should have excused her failure to appear at the hearing on the motion to modify held January 21, 1987, because she had good reason for being absent and she had a meritorious defense. In her second point, she asserts that the trial court erroneously terminated her maintenance because there was no evidence supporting such judgment. Because the second point is dispositive of the case, we do not address the first point.

■ Preliminarily, we note that prior to the date of the hearing and judgment modifying the decree, Betty's pleadings had been stricken pursuant to Rules 61.01(b)(1) and 61.01(d)(2)[1] for failure to comply with discovery. Betty makes no complaint on appeal that the striking of her pleadings was error, and we find no error in the trial

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo, 1986.

court having done so. *In re Marriage of Dickey*, 553 S.W.2d 538, 541 (Mo.App.1977). Thus, when the hearing was held on January 21, Betty was in default, the effect of which was to admit all traversable allegations of fact contained in the petition. *Maynard v. Maynard*, 601 S.W.2d 649 (Mo. App.1980).

Our review of the modification order is limited to determining whether it is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Markowski v. Markowski*, 736 S.W.2d 463, 465 (Mo.App.1987). A decree is set aside on the ground that it is against the weight of the evidence only upon a firm belief that the decree or judgment is wrong. *Seelig v. Seelig*, 540 S.W.2d 142, 145 (Mo.App.1976). We review the evidence in this case with these principles in mind.

The parties are now over sixty years of age, having been married on May 22, 1943. During the marriage, the couple acquired substantial marital property. They were divorced December 22, 1980. The decree of dissolution was affirmed on appeal. *Moseley v. Moseley*, 642 S.W.2d 953 (Mo.App. 1982). A prior attempt by Paris to modify maintenance filed in 1983 was unsuccessful. The original decree remained unchanged when the present action was filed on February 13, 1985.

In his present motion to modify as amended, Paris alleges that his economic circumstances have changed in that he now owes certain debts and that he has suffered a reduction of income. In addition, he alleges that Betty now has "sufficient property and assets, including the sums received by her on March 3, 1983, in satisfaction of the judgment and decree of dissolution of marriage, to independently provide for her own support and maintenance."

At the hearing on the motion to modify, Paris testified that his gross salary for the preceding year, 1986, was $27,404.23, while in 1985 he earned in excess of $43,000. However, the reduction in the 1986 income was more modest when compared to his income at the time of the decree of dissolution. At that time, the court found Paris' income was $29,900. *Moseley v. Moseley, supra*, 959. Paris also testified that his current monthly expenses are $2,425.66. This compares with Paris' monthly expenses at the time of the original decree in the sum of $1,200 to $1,300. *Moseley v. Moseley, supra*. Paris' present monthly expenses include support for Betty, as well as his present wife, and a payment of approximately $700 on debts owing to Paris' brother. The debts were incurred in April and August of 1986 for the purpose of paying taxes and repairing a house. Paris testified his expenses exceed his net monthly income by approximately $700.

Paris also testified that as of January, 1987, Betty was not so sick as to be unable to come and go as she pleases and has now received the money due her under the original decree of dissolution. In the original case, Betty's health, education, and job experience were determined to be so deficient that even considering the income from the money awarded to her under the decree of dissolution, she was entitled to maintenance. *Moseley v. Moseley, supra*, 958–959. According to Paris, Betty is presently unemployed.

In order to justify a modification of maintenance, Paris is required to show a change of circumstances so substantial and continuing in nature as to make the terms of the original decree unreasonable. § 452.370.1. The difference in Paris' annual income in 1980 and 1986 is $2,500. A decrease in a husband's income alone does not call for a reduction in maintenance for the wife. *Calicott v. Calicott*, 677 S.W.2d 953, 955 (Mo.App.1984). The only other changes in Paris' circumstances are his remarriage and the debt owing to his brother. A divorced husband's remarriage is not a ground for decreasing alimony awarded a former wife in the absence of children born to the second marriage.

*Clisham v. Clisham,* 485 S.W.2d 660, 665 (Mo.App.1972). Paris' debts to his brother were voluntary. When one owing an obligation of support incurs expenses of his own choosing, he has failed to prove his financial plight is due to anything other than his own volition and, as a result, has failed to show a change in circumstances warranting a reduction in maintenance. *Moore v. Morgan,* 723 S.W.2d 583, 585 (Mo.App.1987). To the extent that Paris' monthly expenses include support for his present wife and payments on debts voluntarily incurred only a few months prior to the hearing, such expenses must be discounted. *Calicott v. Calicott, supra,* 955.

■■■ While a reduction of income does not necessarily require a modification, that factor may be taken into consideration where there has been a substantial change in the needs of the other spouse. *Seelig v. Seelig, supra,* 146–147. The only change that can be gleaned from the pleadings and evidence regarding Betty's circumstances is that she is now ambulatory. There is nothing in this record to indicate that Betty's health, training, or experience have improved to such an extent that she is now employable or that she is now receiving income from some previously unknown source. In short, there is nothing to indicate that she has had any change of circumstances.

■ Paris' brief suggests another change of circumstances. The primary marital assets set aside to Paris under the original decree was a 520–acre farm. Betty received $100,000 cash. Paris testified that he now has no earnings from the farm, while Betty, if she has not dissipated her money on unreasonable attorney's fees and new cars, should have available to her the income from the money received by her under the original decree. An examination of the findings of fact in the original decree reveals that Paris did not earn anything from the farm when that decree was entered. The income from the money Betty was to receive under the original decree

was foreseen when the decree was entered. Such income was even raised on appeal by Paris as a reason for overturning the award of maintenance and was considered by this court in affirming the award. *Moseley v. Moseley, supra,* 958. There was no showing that there was any income or lack of income from the marital property set aside to either of the parties which was unanticipated or unknown when the original decree was entered. Assuming, for the sake of discussion, that Betty was a poor steward of the marital property set aside to her, we find no authority for the proposition that poor money management is a change of circumstances justifying termination of maintenance.

■■■ Paris argues that because Betty was in default, his pleadings stand admitted and he is entitled to a modification. In a divorce case, there is practically no such thing as a divorce decree by confession and courts disfavor "default judgments" in dissolution of marriage cases because of the state's interest in the welfare of the parties. *In re Marriage of Bradford,* 557 S.W.2d 720, 730 (Mo.App. 1977); *Hawkins v. Hawkins,* 462 S.W.2d 818, 821 (Mo.App.1970). In cases involving the modification of a duty of support arising out of the marital relationship, the state has a continuing interest and that interest is expressed by the statute which requires a *showing* of changed circumstances so substantial and continuing as to make the original decree unreasonable. § 452.370.1. The bare assertions of a motion to modify alleging in broad terms that circumstances have changed since the prior decree but which are not supported by evidence at a hearing on the motion, do not rise to the level of a showing of changed circumstances as mandated by the statute.

The statutory standard for modification of a maintenance award is intended to discourage repeated or insubstantial motions for modification. *Seelig v. Seelig, supra,* 147. A review of this record leads to the conclusion that Paris made no substantial showing justifying a complete elimination

of his obligation to pay maintenance to Betty. We, therefore, reverse the judgment of the trial court in that respect.

 Both Paris and the trial court treated this as an ordinary default case and apparently misconceived the additional statutory requirement of a showing of changed circumstances beyond the bare and factually unsupported assertions contained in the motion to modify. Because of such misconception, Paris may have failed to adduce available evidence which would support a modification of the decree. We, therefore, remand the case to the trial court for the purpose of hearing such additional evidence as the court may permit the parties to introduce and to give such judgment as the court ought to give under the facts of this case.

CROW, C.J., and GREENE, P.J., concur.