In re the MARRIAGE OF Teresa GARD-
NER and Avery Clayton Gardner.

**Teresa Gardner (Williams),
Petitioner-Appellant,**

and

**Avery Clayton Gardner, Respondent.**

No. 13515.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 21, 1984.

James A. DeReign, DeReign & DeReign,
Caruthersville, for petitioner-appellant.

J. Michael Mowrer, Dalton, Treasure &
Mowrer, Kennett, for respondent.

TITUS, Judge.

Petitioner appeals from the denial of her
motion to modify child support provisions
of a dissolution decree. The original de-
cree, entered March 28, 1980, granted peti-
tioner custody of the one minor child born
of the marriage and ordered respondent to
pay petitioner $150 per month for the sup-

port of said child. In her amended motion to modify, filed August 12, 1982, petitioner requested that the court require respondent to pay more than $150 per month child support on the grounds "[t]hat the child will be entering the public school system in the Fall of 1982, with increased expenses for clothes, school supplies and incidentals related to school" and "[t]hat Petitioner believes that the Respondent has had several pay increases with his employer, the extent of which is unknown to the Petitioner, which should enable him to pay greater child support monies to the Petitioner."

Petitioner contends in her first point that the trial court "erred in its Judgment as it erroneously declared the law by failing to use the word 'continuing' as stated in § 452.370(1)." [1]  We recount that, after hearing on the motion to modify, the court made the following handwritten docket entry on September 20, 1983:

> "Case taken up again. Ct [Court] finds that there have been changes of circumstances including the remarriage of each party, an increase of income of Respondent, a change of occupation of Petitioner, a reduction of income of Petitioner, an increase in age of the child of the parties and the enrollment of said child in school and that said changes of circumstances are not so substantial and continuing as to make the terms of the decree heretofore entered in this case unreasonable. It is ordered that Petitioner's motion to modify said decree is denied. The Court further finds after considering all relevant factors including the financial resources of both parties that it should not award Petitioner any amount of attorneys fees or costs ...."

In its handwritten judgment, also entered September 20, 1983, the court reiterated in substance the above findings but rather than recite that the enumerated changes in circumstances "are not so substantial *and continuing*" as to make the terms of the decree unreasonable, the court referred to such changes merely as "not so substantial as to make the terms of the said decree unreasonable." Petitioner contends the omission from the formal judgment of the word "continuing" constituted noncompliance with § 452.370(1) and, hence, reversible error.

As respondent correctly points out, it is a sufficient basis for denial of a motion to modify that such changes in circumstances as are found to exist are *either* not sufficiently substantial *or* not of a continuing nature. This much is implicit in the statute's language to the effect that "the provisions of any decree respecting maintenance or support may be modified ... only upon a showing of changed circumstances so substantial *and* continuing as to make the terms unreasonable." (Emphasis ours.) Thus, the trial court's apparently inadvertent omission from its formal entry of judgment of the word "continuing" is of no consequence, given that the insubstantiality of the changed circumstances in question was adequately chronicled. Petitioner's first point is denied.

In her second point petitioner cites as "an erroneous declaration of the law" the trial court's failure to recognize, via express recital in its judgment, "the primary responsibility of the father to support the child." Section 452.340 provides:

> "In a proceeding for nonretroactive invalidity, dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
>
> (1) The father's primary responsibility for support of his child;
>
> (2) The financial resources of the child;
>
> (3) The financial resources of the custodial parent;
>
> (4) The standard of living the child would have enjoyed had the marriage not been dissolved;

---

1. Statute and rule references are to V.A.M.S. and V.A.M.R., respectively.

(5) The physical and emotional condition of the child, and his educational needs; and

(6) The financial resources and needs of the noncustodial parent."

While this section clearly requires that the court consider, inter alia, the six listed factors, nowhere does it mention a duty on the part of the court to make any particular recitations with respect thereto in its findings or judgment. The case of *Trunko v. Trunko*, 642 S.W.2d 673 (Mo.App.1982), does not, as petitioner suggests, impose such a requirement but merely states, at n. 7, p. 677, that "when reviewing child support awards, the emphasis is not upon the financial resources of the child, but on the father's primary responsibility for support and his financial resources." As there is no evidence that the absence of any particular "factor recitals" betokens a failure by the court to consider that which they would have expressed, we deny petitioner's second point.

In her third and final point, petitioner contends the trial court's judgment is against the weight of the evidence which, it is argued, proved increased need on the part of the child as well as the financial ability of respondent to perform his share of satisfying that increased need. Upon review of the record we are convinced that the judgment of the trial court, reviewable per Rule 73.01, is supported by substantial evidence, is not against the weight of the evidence, and is therefore susceptible of summary affirmance in accordance with Rule 84.16(b). The point is denied.

The judgment is affirmed.

CROW, P.J., PREWITT, C.J., HOGAN and MAUS, JJ., concur.