Clarence R. SIFERS, Appellant,

v.

Martha Stevenson SIFERS, Respondent.

No. KCD 27747.

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

Howard E. Bodney, Kansas City, Paul Scott Kelly, Jr., Gage & Tucker, Kansas City, of counsel), for appellant.

Robert E. Sharp, Sharp & Korth, Kansas City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

TURNAGE, Presiding Judge.

Clarence Sifers filed a motion to modify a divorce decree in which he had been ordered to pay Martha Sifers $400 per month alimony. The court overruled the motion and this appeal follows.

Clarence contends the court erred in overruling his motion because the evidence showed he had lost his job and was in poor health and did not expect to have any income except social security. Affirmed.

Clarence and Martha were divorced in December, 1972. A motion to modify was filed by Clarence in December, 1974. At a hearing on this motion, Clarence testified the only property he had after the divorce was $19,000 which represented his net share of the sale of the residence he and Martha had occupied. At the time of the divorce, Clarence was employed at a salary of $15,000 per year. In the divorce decree, Clarence was awarded the custody of a 19 year old daughter for whom he testified he had paid college expenses.

In September, 1973, Clarence underwent surgery for the removal of a malignant kidney. Thereafter he was advised by his

physician there was apparently no further malignancy.

In February, 1974, Clarence remarried. Within a week after such remarriage he said his job was terminated by his employer.

Clarence stated at the time of the hearing the $19,000 was completely exhausted. He stated he had paid Martha about $9,000 in alimony, but he did not account for the balance. He stated his present wife pays all of his food, clothing, medical, dental and country club expenses. He had applied for social security benefits on the basis of age and not disability.

Clarence stated he had applied for employment with several chocolate companies since his entire work life had been in this industry, but had been unable to find a job. There was no evidence offered to show Clarence was physically unable to work or that he had any disability which would prevent him from working in the future.

Martha testified she and Clarence were married 33 years. She stated he and she are both about 62 years of age. She said her net worth was about $51,000, but she was being forced to sell her home because she could not afford to keep it up. She stated her income, exclusive of alimony, was about $2,000 per year from stock dividends. Her living expenses are $882 per month. No question was raised concerning the reasonableness of this amount.

Martha said her only work experience was as a sales person. However, she had sustained a broken bone in her foot and even though she had tried to continue her sales work was unable to do so because of her foot difficulty. She further stated she was unable to find any other work. She also had applied for social security benefits but had been rejected because she did not qualify because of her insufficient time of employment.

Martha said Clarence had not actually paid the educational expenses of the daughter because the daughter's grandfather had purchased a life insurance policy which was paying such expenses. Martha testified she had purchased the daughter's clothing.

The burden of proof on a party seeking modification of a divorce decree rests with the moving party. *McGinley v. McGinley*, 513 S.W.2d 471, 473[2–4] (Mo. App.1974). In seeking to carry his burden of proof, Clarence argues the new dissolution of marriage law, §§ 452.300 to 452.415, RSMo 1975 Supp., requires the court to apply the factors enumerated in § 452.335 when it rules on a motion to modify. This contention is in error since § 452.335 applies to the amount of maintenance which the court initially orders. A modification of that amount is governed by § 452.370. Under that Section, the court is authorized to modify a divorce or dissolution decree only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. This was the burden of proof which Clarence was required to carry. The court did not make findings of fact, but it follows from the order made overruling the motion to modify, the court did not find Clarence had sustained his burden. Rule 73.01, subd. 1(b). A review of the evidence leads this court to the same conclusion.

Clarence makes his main argument in an effort to show he sustained his burden of proof by arguing his operation and the loss of his job. However, there was no evidence introduced to show he was unable to work at the time of the hearing or that he would be unable to work thereafter. Further, he made some attempt to show he was unable to obtain work, but confined this effort to showing he had applied at a relatively few chocolate businesses. He did not show there was any reason to expect he would not be able to find employment if he seriously sought it.

Modification was sought on the basis Clarence had lost his job, was in poor health and was unable to obtain other employment. His evidence did not support these contentions.

The judgment is affirmed.

All concur.