Margaret M. FORHAN, Appellant,

v.

Larry J. FORHAN, Respondent.

No. 48689.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 30, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Huck & Kasten, Inc., Herbert A. Kasten, Jr., Ste. Genevieve, for appellant.

Richey, Price, Spaeth & Heisserer, John P. Heisserer, Cape Girardeau, for respondent.

CRIST, Judge.

Motion to modify child support payments.

Wife appeals the trial court's order granting husband's motion for reduction of child support and denying wife's motion for contempt for husband's arrearages in child support payments. We reverse the order reducing child support.

On October 27, 1980, dissolution decree of husband and wife was entered. Pursuant to that decree, wife was awarded primary custody of three minor sons of the marriage, then ages five, ten, and twelve years. Husband was ordered to pay to wife the sum of $216.66 per month for the support of each child ($650.00 per month total), as per the incorporated separation agreement. Husband paid the agreed upon child support payments until approximately fall of 1983. From September through December, husband unilaterally reduced child support payments. In January, 1984, he paid nothing.

On May 2, 1983, husband filed a motion for reduction of child support payments, stating "since the entry of said Decree there has been a substantial and continuing change of circumstances in that Petitioner's income has plummeted to a small fraction of that which he enjoyed at the time of the entry of said Decree of Dissolution." On April 9, 1984, the trial court granted husband's motion, finding husband "sustained a markedly substantial and continuing decline in income over a period of years through no design of his own and that the present child support payments ... are far beyond his means." The trial court reduced payments to $70.00 per month per child ($210.00 per month total).

On October, 1980, when the original decree was entered, husband was earning approximately $30,000.00 per year as a salesman for Xerox Corporation. He left that job late in 1981. He left three other jobs in rapid succession. In 1983, he sustained a $3,500.00 loss in a business he was then operating. Husband's earned income from employment after he left Xerox in December of 1981, until he started his own business in October of 1982, was $4,000.00. Husband remarried in 1982. His present wife earns $18,000.00 per year.

■ The question presented is whether husband's allegation and proof of a decrease in his income was a sufficient change in circumstances to warrant modification of child support payments. We believe such a showing, without more, is insufficient. *Van Luvan v. Van Luvan,* 577 S.W.2d 156, 157 (Mo.App.1979).

■ A decline in annual income of such magnitude can be substantial evidence warranting reduction in support payments, temporarily or permanently, when father has no resources with which to pay through no fault of his own. The paramount concern, however, is the welfare of the children and not the welfare of father/mother. *Markham v. Markham,* 506 S.W.2d 84, 86 (Mo.App.1974). Here, husband has the heavy burden of proving he is no longer able to support his children in the manner contemplated at the time the separation agreement was incorporated into the Decree of Dissolution. See *Sifers v. Sifers,* 544 S.W.2d 269, 270 (Mo.App.1976).

Wife asserts there was insufficient evidence to support the trial court's finding that decline in husband's income was involuntary and continuing. Husband admits the needs of the children are greater. The seminal issue is husband's earning capacity, both now and in the future.

At the time of the modification hearing, husband was a thirty-eight year old experienced salesman, with no disabilities. He had been earning approximately $30,000.00 per year in a sales position at the time of the dissolution decree. He voluntarily quit his job in December of 1981, sold computers for another corporation for six months and quit. He then worked in an office supply business for three weeks and quit to work for about two months for another computer sales operation. In October of 1982, he started his own consultant business through which he also sold computers. It was this business to which he was devot-

ing his energies at the time of the modification hearing.

In effect, husband's decline in income was of his own choosing. His health was fine. There was no reason other than voluntary career decision that husband's income decreased. His earning capacity remained the same. Husband expressed optimism regarding the continuing nature of his financial plight.

 A court can impute an income to a father according to his capacity to earn money. *Foster v. Foster,* 537 S.W.2d 833, 836 (Mo.App.1976). His children are entitled to that much. Husband did not sustain his heavy burden of proving his plight was due to anything but his own volition. He failed to prove the decrease in earnings was involuntary and continuing.

The order reducing monthly child support payments is reversed. The judgment is, in all other respects, affirmed.

DOWD, P.J., and CRANDALL, J., concur.