Harvey Benjamin MOORE, Respondent,

v.

Vicki Lynn (Moore)
MORGAN, Appellant.

No. WD 38342.

Missouri Court of Appeals,
Western District.

Jan. 27, 1987.

decree. The custody issue is the sole issue before us, and our opinion is confined to that issue alone.

584 ■

Leonard K. Breon, Breon & Leffler, Warrensburg, for appellant.

Charles B. Fitzgerald, Fitzgerald, Fitzgerald & Carter, Warrensburg, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and GAITAN, JJ.

LOWENSTEIN, Presiding Judge.

The wife appeals the trial court's order granting her ex-husband's motion for reduction of child support. The judgment is reversed.

The husband and wife's marriage was dissolved in 1983, wife was given custody of the two minor children and husband was ordered to pay a total of $400 per month for child support. In 1985 the husband filed this motion for reduction of child support on the grounds that his "expenses and obligations to others have materially and substantially increased since the entry of said judgment."

Evidence on the motion was heard in 1986. The husband testified that he was employed part time by "Kansas City Piggyback." His take-home pay was $245 for a 3–day work week and $275–300 for a 4–day work week. At the time of the original order, Husband was making $250–$300 for a normal work week.

The husband testified that he had not filed any federal or state income tax returns for 1982, 1983 and 1984. As a consequence, husband owes $301.29 in 1984 Missouri income tax and $458.78 in 1982 Missouri income tax. His 1983 state income deficiency was not disclosed. The back federal income tax owed by the husband for the three years is $8,810.14. Husband is presently paying $356.00 per month to the IRS and $80.88 per month to the Missouri Department of Revenue as restitution for the delinquent taxes. The trial judge asked the husband what he did with the money he should have paid as income tax, he replied, "Just blew it. I'm not going to lie about it."

The evidence also disclosed the husband owes $10,706.50 in back child support payments. In 1985, husband paid only $100 per month for 10 months for child support, despite the 1983 order requiring him to pay $400 per month. He is presently paying $50 per month toward the support delinquency to the Johnson County Circuit Clerk under a wage assignment.

After considering the evidence, the trial court reduced the child support to $92.50 per month per child and ordered husband to continue to pay the $50.00 per month toward the support delinquency. The wife appeals arguing the court was without jurisdiction to reduce support because husband failed to show substantially changed circumstances. This court must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of evidence or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Section 452.370 RSMo Supp.1986 covers modification of support awards and provides in part, "[T]he provisions of any decree respecting maintenance or support may be modified ... only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." The husband must prove a substantial change in circumstances to warrant modification of his support payments. *Wood v. Wood,* 709 S.W.2d 143, 147 (Mo. App.1986). The paramount concern, however, is the welfare of the child, not the welfare of the husband or wife. *Forhan v. Forhan,* 693 S.W.2d 164, 165 (Mo.App. 1985). The husband has a heavy burden in proving he is unable to support his children

in the manner contemplated by the original dissolution decree. *Id.* at 165; *Sifers v. Sifers,* 544 S.W.2d 269, 270 (Mo.App.1976).

Here, the husband has claimed his expenses have increased so substantially as to justify the reduction in support payments. These expenses now include the repayment of taxes owed the state and the IRS as well as repayment of delinquent support owed under the 1983 decree. These expenses arise from his own lack of diligence. He admitted he "just blew" the money owed the State and IRS in 1982, 1983 and 1984. The husband also failed to keep up with his support payments and now, having fallen behind, is faced with the results of his own financial folly. All this occurred despite the relative stability of husband's income from 1983 to 1985.

In *Forhan v. Forhan, supra,* a somewhat similar situation was presented. There, the husband sought reduction of support payments because his income had fallen substantially, due to a career change, from the $30,000 per year he earned when the original dissolution decree was entered. After considering the husband's financial status, the court concluded:

> In effect, husband's decline in income was of his own choosing. His health was fine. There was no reason other than voluntary career decision that husband's income decreased. His earning capacity remained the same. *Id.* at 166.

The husband's reduced income in the case at bar was not involuntary but was the result of his own volition. As a consequence, the *Forham* court reversed the trial court order reducing the support payments. *Id.* at 166.

Here, the husband's increase in expenses was likewise of his own choosing. He did not pay state and federal taxes for three years and did not pay child support as ordered. Such non-payment was not caused by his financial plight. He has failed to prove his financial plight is due to anything other than his own volition and as a result, has failed to show circumstances warranting a reduction of child support.

The trial court's order reducing the monthly child support payments is reversed. This decision does not affect the husband's obligation to pay $50 a month toward satisfaction of his past child support obligation. Costs are taxed against the respondent.

All concur.