In re the MARRIAGE OF Gary G.
STANLEY and Sarah J. Stanley.

Gary G. STANLEY, Appellant,

v.

Sarah J. STANLEY, Respondent.

No. 57167.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 12, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 11, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Richard G. Steele, Finch, Bradshaw, Strom & Steele, Cape Girardeau, for appellant.

Manuel Drumm, Drumm, Winchester & Dement, Sikeston, for respondent.

HAMILTON, Judge.

Appellant Gary Stanley (hereinafter Husband) appeals from an order of the trial court denying his motion to modify a dissolution decree. Husband sought to reduce the amount of child support he was ordered to pay to Respondent Sarah Stanley (hereinafter Wife). We affirm.

The parties divorced on February 28, 1986. The dissolution decree awarded Wife custody of the couple's two minor daughters, then aged ten and five, and ordered

**488**

Husband to make monthly payments of $500 per child. In addition, the decree awarded Wife maintenance in the amount of $800 per month for the first eighteen months following the dissolution and $500 per month thereafter.

On December 4, 1987, Husband filed a motion to modify the decree in which he sought to reduce his child support and maintenance obligations. At trial, Husband withdrew the request to modify the decree with respect to maintenance. The trial court made findings of fact and conclusions of law and entered a judgment denying the motion to modify in all respects.

On appeal, Husband contends that (1) the trial court abused its discretion in failing to find a change of circumstances so substantial and continuing as to make the original child support award unreasonable, and (2) the trial court made an erroneous declaration of the law when it held that Husband had the burden to prove that the change in circumstances had adversely impacted his ability to meet his own financial needs.

Our review of the trial court's order is limited to a determination of whether the order is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Moseley v. Moseley*, 744 S.W.2d 874, 877 (Mo.App.1988). In addition, we defer to the trial court's opportunity to have judged the credibility of the witnesses. *Early v. Early*, 659 S.W.2d 321, 323 (Mo.App.1983).

A dissolution decree is modifiable with respect to maintenance or child support only if the movant shows changed circumstances so substantial and continuing as to make the terms of the original decree unreasonable. § 452.370 RSMo. (1989). The purpose of Section 452.370 is to impose a stricter standard for modification, thereby discouraging recurrent and insubstantial motions for modification. *Reese v. Reese*, 755 S.W.2d 437, 438 (Mo. App.1988); *Magaletta v. Magaletta*, 691 S.W.2d 457, 458 (Mo.App.1985). Husband has the burden to prove he can no longer

support his children in the manner contemplated when the initial decree was entered. *See Forhan v. Forhan*, 693 S.W.2d 164, 165 (Mo.App.1985). Our paramount concern is the welfare of the children, not the welfare of the husband or wife. *Moore v. Morgan*, 723 S.W.2d 583, 584 (Mo.App. 1987); *Forhan v. Forhan*, 693 S.W.2d at 165.

In his first point, Husband contends that the trial court erred in failing to find that a decrease in his income coupled with an increase in Wife's income constituted a substantial and continuing change in circumstances sufficient to warrant a reduction in his child support obligations.

Husband, a certified public accountant, first points to a recent decrease in his own income. In 1986, when the original decree was entered, Husband earned $93,989.10 as a partner employed by the accounting firm of Earley, Jansen, Begley, Stanley & Dirnberger. Husband testified that he then earned $78,767 in 1987, and approximately $90,000 in 1988. After the break-up of the Earley partnership, he and several others established the new accounting firm of Stanley, Dirnberger, Hopper and Associates on January 1, 1989. Since the opening of this new firm, Husband's income has decreased. Combining his draw from the new partnership with income from other business investments, Husband testified he had a gross monthly income of $4,396.

The issue is whether Husband has proved that circumstances existing at the time of the modification hearing make the original decree unreasonable. *Reese v. Reese*, 755 S.W.2d at 438. For Husband merely to demonstrate a decreased income for the first six months of 1989 is an insufficient showing. *Id.* Husband has failed to prove unreasonableness because he adduced no evidence that his decline in income was continuing. Moreover, he failed to demonstrate that he was unable to meet his own financial needs, thus showing his decrease in income was insubstantial.

A sufficient basis for denial of a motion to modify is present when such changes in circumstances as are found to

exist are neither sufficiently substantial nor of a continuing nature. *In re Marriage of Gardner*, 683 S.W.2d 311, 312 (Mo.App.1984). Although Husband points to a six-month decline in income, we cannot say, based upon the present record, that this decline is of a continuing nature. We can easily attribute this decrease to the costs of starting a new business. Once the new partnership becomes established, Husband's income may return to, or possibly exceed, its former level. Husband's testimony regarding his projections as to low future earnings of his CPA firm was merely speculation. In any event, Husband established no decrease in his earning potential, and we find nothing in the record to demonstrate that his decreased income is a continuing circumstance as contemplated by Section 452.370 RSMo 1986.

 In addition, the evidence indicates that Husband can still meet his own financial needs while continuing to meet his support obligations. In 1988, Husband testified he earned approximately $90,000. As of December 31, 1988, he had a net worth of $484,462, including over $69,000 in cash according to his own figures. Where Husband has not shown an inability to meet his own financial needs while continuing to meet his support obligations, he has failed to prove that the terms of the original decree are unreasonable, and modification is therefore unwarranted. *See Mendelsohn v. Mendelsohn*, 787 S.W.2d 321, 324 (Mo.App.1990); *Magaletta v. Magaletta*, 691 S.W.2d at 459; *Seelig v. Seelig*, 540 S.W.2d 142, 147 (Mo.App.1976).

Furthermore, Husband's decline in income occurred because of a voluntary career decision. Husband has failed to prove that his alleged financial plight is due to anything other than his own volition and, therefore, has failed to show circumstances warranting a reduction in child support. *Moseley v. Moseley*, 744 S.W.2d at 878; *Moore v. Morgan*, 723 S.W.2d at 585; *Forhan v. Forhan*, 693 S.W.2d at 166.

Husband also points to an increase in Wife's income as evidence of changed circumstances. When the initial decree was entered, Wife earned $8,771. Since that time, Wife has finished school and is now employed as clinic manager for the Cape Girardeau Surgical Group. In 1988, she earned $31,368. An increase in Wife's income alone, as a general rule, neither justifies nor requires modification of the terms of an award. *Mendelsohn v. Mendelsohn*, 787 S.W.2d at 324; *Magaletta v. Magaletta*, 691 S.W.2d at 459; *Early v. Early*, 659 S.W.2d at 323.

Finally, Husband asserts within this point that his support obligations are excessive according to the Guidelines for Child Support, adopted by the 32nd Judicial Circuit of Missouri, effective March 1, 1988. Guidelines of this sort, however, have neither binding authority nor precedential value on trial courts determining child support. *Hogrebe v. Hogrebe*, 727 S.W.2d 193, 196 (Mo.App.1987). The first point is denied.

In Point II, Husband contends that the trial court erred in holding that Husband had the burden to prove that the change in circumstances had adversely impacted his ability to meet his own financial needs.

For modification of a support agreement, Section 452.370 RSMo 1986 requires that the movant show the terms of the original decree are unreasonable. The movant's ability to meet his own financial needs while continuing to meet his support obligations clearly goes to the reasonableness of the original decree. *See Seelig v. Seelig*, 540 S.W.2d at 147. *Magaletta v. Magaletta*, 691 S.W.2d at 459. The second point is denied.

Judgment affirmed.

SIMON, C.J., and CARL R. GAERTNER, J., concur.