Laura J. BROWN, Appellant,

v.

Thomas J. BROWN, III, Respondent.

No. WD 56468.

Missouri Court of Appeals,
Western District.

June 6, 2000.

---

Lori J. Levine, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J., and SMART, J.

ROBERT G. ULRICH, Judge.

Laura J. Brown (Mother) appeals from the judgment of modification of the trial court terminating joint legal custody and awarding Thomas J. Brown III (Father) legal custody of the parties' three minor children. Mother contends that the trial court abused its discretion in terminating joint legal custody and awarding Father legal custody because the judgment is against the weight of the evidence in that the parties share many common beliefs and have demonstrated an ability and willingness to cooperate on many issues. Mother also contends that the trial court erred in decreasing the amount of child support because Father did not show a substantial and continuing change in circumstances which made the original terms of the decree unreasonable, and the decrease in child support is not in the best interest of the children. The judgment of the trial court is affirmed in part and reversed in part.

## Facts

The parties' marriage was dissolved on July 22, 1993. The final judgment and decree of dissolution, entered on December 21, 1993, granted the parties joint legal and physical custody of their three minor children. Physical custody was divided evenly as a six-month split. Mother was awarded physical custody of the children from the first day of the second school semester through July 31 of each year, subject to visitation by Father; and Father was awarded physical custody commencing August 1 and ending at the close of the first semester of each school year, subject to visitation by Mother. The trial court specifically noted in its award of joint legal custody that "[a]lthough [Mother's] attitude toward [Father] is acrimoni-

Charles P. Todt, Clayton, for appellant.

ous, there is no indication that the parties are not emotionally equipped to make joint decisions concerning the children's upbringing and the input and involvement of both parents will best serve the children" and "[Father] was the parent more likely to allow the children frequent and meaningful contact with the other parent." The decree ordered the parties to confer with one another in the exercise of decision-making rights, responsibilities and authority. The decree also stated that the parties were to have equal authority in all material decisions affecting the rearing of the children. The court calculated the presumed child support amount. Father, however, agreed to pay more than the presumed child support amount, and child support was set at $800 per month. The court also ordered that Father maintain medical insurance for the benefit of the children and that the parties equally divide all uncovered health care expenses and the costs of the children's extracurricular activities upon which the parties agreed. The judgment included a mediation provision for any disputes regarding the children.

Father filed a Motion to Modify legal custody on July 7, 1997. The court entered its judgment of modification on August 28, 1998, terminating joint legal custody and awarding Father legal custody of the parties' three minor children. No change was made to the parties' joint physical custody arrangement. The court also ordered Father to pay all of the children's extracurricular expenses for the activities in which he enrolls them, decreased child support to $630 per month in accordance with Father's Form 14,[1] and removed the mediation provision. This appeal followed.

## Standard of Review

■■■ As this is a court tried case, the judgment of the trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Greater deference is given to the determination of the trial court in child custody matters than in other cases. *Landry v. Miller*, 998 S.W.2d 837, 840 (Mo.App. W.D. 1999). In custody cases an appellate court should exercise its power to set aside the trial court's judgment or decree on the ground that it is against the weight of the evidence only with caution and with a firm belief that the decree is wrong, and only if it is firmly convinced that the welfare of the child requires another disposition. *McCauley v. Schenkel*, 977 S.W.2d 45, 50 (Mo.App. E.D.1998).

## Termination of Joint Legal Custody

Mother contends that the trial court erred in terminating joint legal custody and granting Father sole legal custody of the three minor children. Mother claims the trial court's decision is against the weight of the evidence in that substantial evidence exists that the parties share many common beliefs and have demonstrated an ability and willingness to cooperate on many issues. Mother also asserts that the court's judgment precluding her from participating in the decisions regarding the children is against the best interests of the children. Mother additionally claims that the trial court erred in failing to address Father's behavior affecting communication between the parties in its findings of fact, denying Mother's motion to dismiss and to compel mediation pursuant to the dissolution decree, denying Mother's motion to strike Father's evidence of his correspondence with Mother as being a self-serving declaration, and failing to include a complete detailed parenting plan.

### Parties' Common Beliefs

Mother contends that substantial evidence exists that the parties share many common beliefs and have demonstrated

---

1. Mother did not file a Form 14.

the ability and willingness to cooperate on many issues and precluding Mother from contributing to decisions affecting the children is against their best interest. In support of her contention, Mother points to instances in which the parties have been able to agree on several issues, including medical care, religious upbringing, educational development, and payment of medical expenses.

Modification of child custody decrees is governed by section 452.410, RSMo 1994, which provides that a court with jurisdiction can modify a prior custody decree, if it finds, "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child." § 452.410.1, RSMo 1994. In the context of joint custody, a breakdown of parental communication and cooperation is sufficient, in and of itself, to constitute a change in circumstances affording the basis for modifying a prior decree. *McCauley*, 977 S.W.2d at 50.

"Joint legal custody" means that the parents "share the decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child, and, unless allocated, apportioned, or decreed, the parents shall confer with one another in the exercise of decision-making rights, responsibilities, and authority." § 452.375.1(1), RSMo Cum. Supp.1997. A commonality of beliefs concerning parental decisions, and the ability of the parties to function as a parental unit in making those decisions, are two important considerations in determining whether joint legal custody is in the child's best interests. *McCauley*, 977 S.W.2d at 50. The Missouri Supreme Court has recognized that this commonality of beliefs and ability to cooperate and function as a parental unit is imperative to the best interests of the child in a joint custody arrangement. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991).

Joint legal custody is only appropriate where the parents "demonstrate the willingness and ability to share the rights and responsibilities of raising their children." *Leone v. Leone*, 917 S.W.2d 608, 614 (Mo.App. W.D.1996). "Where the parties are unable to communicate or cooperate and cannot make shared decisions regarding the welfare of their children, joint custody is improper." *Id.* Joint custody is "not likely to be in the child's best interest if the parents cannot agree to agree." *Dent v. Dent*, 965 S.W.2d 230, 237 (Mo. App. W.D.1998).

In the judgment entered on August 28, 1998, the trial court set forth the following as its rationale for modifying custody:

[Mother's] acrimonious attitude toward [Father] has not diminished but has increased, and this attitude has adversely effected [Mother's] conduct and behavior toward [Father], making communications regarding decisions extremely difficult and unpleasant. [Mother] has now carried this attitude over toward [Father's] present wife, and it is displayed quite graphically, often in the presence of the children, causing them great discomfort and embarrassment. It is further expressed in her refusal to attend family functions involving the children to which she is invited ... and refusing to even enter [Father's] home when invited for children's functions or even when a child is ill and begs to see her. Such behavior is not only childish, but also intolerable.

The Court finds that [Mother] is estranged from her parents (children's grandparents) and her sister (children's aunt). Her parents and sister constitute her entire immediate extended family. She has refused to permit the children to visit, call or correspond with the grandparents with whom the children were closely bonded. She has opposed

[Father's] permitting the children to visit the grandparents and the aunt and at trial stated she remains opposed to their contact with the children because of her conflict with them.

* * *

The Court finds that [Mother] has repeatedly demonstrated her lack of ability, whether purposeful or not, to communicate with [Father] and address the many concerns with respect to the children. This lack of ability or unwillingness on [Mother's] part to freely communicate with [Father] and to discuss in a rational manner the many everyday concerns, activities, schedules, camps, music lessons, sports participation, school activities, vacations, etc. involving the children has rendered the joint custody arrangement a resounding failure. The Court finds that [Mother] continues to be unwilling or unable to co-parent as required in a joint legal custody arrangement.

Substantial evidence supports the trial court's findings and its determination that Mother and Father were unable to effectively communicate with each other and, therefore, cannot share decision-making rights, responsibilities and authority relating to the health, education and welfare of the children. The trial court, therefore, did not err in terminating joint legal custody and awarding sole legal custody to Father.

### Trial Court's Findings of Fact

Mother claims that the trial court erred because its findings only discuss Mother's behavior and do not address Father's behavior as it affected communication between the parties in that Father's behavior also contributed to the parties inability to communicate. The court may, or if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party. Rule 73.01(a)(3). All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached. *Id.* Therefore, any fact issues relating to Father's conduct are presumed to have been found in accordance with the court's judgment.

### Mediation Provisions

■ Mother also claims that the trial court erred in terminating the provisions regarding the parties' participation in mediation. Section 452.375.8, RSMo Cum. Supp.1997, provides that the joint custody plan "may include a provision for mediation of disputes in all cases, the joint custody plan approved and ordered by the court shall be in the court's discretion."

The trial court found that the parties' "problems and disagreements have been so extensive and involving many subjects that normal mediation would not even be a workable solution. The Parties, when mediation was even suggested, were not even able to agree on the type of mediation or arrangement thereof." The record supports the trial court's findings. The record also reflects the parties' attempts at mediation and the failure of the prior decree's mediation provisions to resolve their ongoing disputes. Since mediation has not been an effective method for resolving the parties' disputes and since section 452.375.8, RSMo Cum.Supp.1997, does not require a provision for mediation of disputes, the trial court did not err in terminating the mediation provision of the prior decree.

### Self–Serving Declarations

■ Mother claims that the trial court erred in denying Mother's motion to strike Father's Exhibit 1, correspondence between the parties, as self-serving declarations. Father offered Exhibit 1, consisting of numerous pieces of correspondence between the parties from 1993 through 1998, into evidence on the first day of trial, April 17, 1998. Counsel for Mother objected at the time of admission as follows:

I object to that, Your Honor. I haven't seen this book, and I don't know if what's in it is accurate. I need an opportunity to look at it. I don't expect to delay the trial to do that. But subject to me being able to review it, I—- I object to it.

Father's counsel indicated that the exhibit had been furnished to Mother's counsel at Father's deposition. The trial court overruled the objection and admitted Father's Exhibit 1. Mother thereafter filed a motion to strike Father's Exhibit 1 on May 11, 1998, claiming Exhibit 1 was inadmissible because the exhibit contained self-serving documents.

■ Under Missouri law, "a self-serving declaration within the rule excluding same is one made by a party in his own interest at some place and time out of court, and does not include testimony which he gives as a witness at the trial." *Gibson v. Smith,* 422 S.W.2d 321, 329 (Mo. 1968). In this case, Father testified to the written communication between the parties and offered Exhibit 1 as evidence of the parties communication since the prior decree awarded joint legal custody. Furthermore, Mother offered, as her exhibits, several of the same documents contained in Father's Exhibit 1 which Mother claims are inadmissible, self-serving declarations. The trial court, therefore, did not err in denying Mother's motion to strike Father's Exhibit 1.

*Parenting Plan*

· Mother claims that the trial court's judgment is deficient because it fails to include a specific written parenting plan setting forth the terms of such parenting plan arrangements in accordance with section 452.375, RSMo Cum.Supp.1998. Mother claims the judgment lacks a required method for determining which extracurricular activities the children will participate in when those activities involve time during which each party is the custodian. She also argues that the judgment lacks suggested procedures for notifying the other parent when a party requests a temporary variation from the physical custody schedule.

■ Father's petition for modification was filed on July 7, 1997. Trial was held in April and May 1998. The court's decree was rendered on August 28, 1998, the same day as the effective date of the statute. Since the parenting plan requirements of section 452.375 and 452.310 were not in effect when the petition for modification was filed, those specific parenting plan requirements are not applicable to this case. *In re Marriage of Ross,* 772 S.W.2d 890, 892 (Mo.App. W.D.1989).

The statute applicable to this case, section 452.375.8, RSMo Cum.Supp.1997, provides that "[a]ny decree providing for joint custody shall include a specific written parenting plan setting forth the terms of such custody. Such plan may be suggested by both parents acting in concert, or one parent acting individually, or if neither of the foregoing occurs, the plan shall be provided by the court."

The trial court's decree, entered on August 28, 1998, expressly provides who will make the decisions regarding the children:

The Court also concludes that joint legal custody be terminated and that it will be in the best interest of the children if primary legal custody be awarded to Respondent to the end that all necessary and proper decisions relating to the children's care, health, education, and welfare can be promptly and properly made with constant and protracted bitterness, haggling, arguments, delays, indecisions, complaints, etc. The Court concludes that the Respondent is best suited and able to make those necessary decisions and is most likely to make these decisions in the best interest of the children and for the best reasons and motives.

Furthermore, the decree provided that "[i]n all other respects, the original Decree entered on October 15, 1993, and thereafter amended on December 21, 1993, shall remain in full force and effect." Accord-

ingly, the trial court's judgment was not deficient for the reasons stated by Mother.

## Modification of Child Support

In her second point on appeal, Mother contends that that the trial court erred in decreasing the amount of child support from $800 to $630 per month because Father did not show a substantial and continuing change which made the original terms of the decree unreasonable, and the change is not in the best interest of the children. Mother claims Father did not show a substantial and continuing change in circumstances in that Father's income significantly increased since the date of the previous decree, the children's expenses can barely be met by the current amount of child support, and Father's current spouse can share in Father's monthly expenses.

■ Modification of child support is governed by section 452.370, RSMo Cum. Supp.1997, which provides, in pertinent part:

the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support or maintenance award, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed. If the application of the child support guidelines ... would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable, *if the existing*

*amount was based upon the presumed amount under child support guidelines.* § 452.370.1, RSMo Cum.Supp.1997 (emphasis added). The purpose of section 452.370 is to impose a stricter standard for modification, thereby discouraging recurring and insubstantial motions for modification. *In re Marriage of Stanley,* 793 S.W.2d 487, 488 (Mo.App. E.D.1990). The parent seeking the modification has the burden of proving there has been a substantial and continuing change in circumstances sufficient to modify child support. *Mann v. Hall,* 962 S.W.2d 417, 420 (Mo. App. W.D.1998); § 452.370.2, RSMo Cum. Supp.1997.

■ In this case, the 20% change in income provision of section 452.370.1, RSMo Cum.Supp.1997, that establishes a prima facie showing of a substantial and continuing change of circumstances is not applicable because the existing child support amount of $800 per month was not based upon the presumed amount under the child support guidelines as required by section 452.370.1, RSMo Cum.Supp.1997.

■ However, a substantial and continuing change in circumstances required to modify child support may be established by other ways. The paramount concern is the welfare of the child, not the welfare of the husband or wife. *Moore v. Morgan,* 723 S.W.2d 583, 584 (Mo.App. W.D.1987). The party seeking modification has a heavy burden of proving he is unable to support his children in the manner contemplated at the time the separation agreement was incorporated into the dissolution decree. *Forhan v. Forhan,* 693 S.W.2d 164, 165 (Mo.App. E.D.1985).

■ The only change in circumstances asserted by Father is that the transfer of legal custody placed additional financial burdens on him by ordering him to pay all of the expenses relating to the children's extracurricular activities in which he enrolls them and all co-payments required by medical providers. Mother was still required to pay all expenses related to any

activities in which she involves the children, unless Father consents in advance to pay such costs. This was a change in that the prior decree provided that the parties equally divide the additional expenses of the children's extracurricular activities upon which the parties agreed.

From a review of the record, Father has not met his burden of showing changed circumstances so substantial and continuing as to make the terms unreasonable. The trial court, therefore, erred in reducing child support from $800 per month to $630 per month.

The judgment of the trial court is affirmed in part and reversed in part. The judgment provisions reducing child support to $630 per month are reversed and the child support provisions of the December 21, 1993 Decree are reinstated.[2]

LAURA DENVIR STITH, P.J., and SMART, J., concur.

---

**2.** In January 2000, Father filed a motion to strike appellant's brief and a motion to dismiss appellant's appeal for violation of Rule 84.04(c) that was taken with this case. The motions are denied.