

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| LAURIE H. ABERNATHY, | ) | No. ED100422 |
| | ) | |
| Petitioner/Respondent, | ) | Appeal from the Circuit Court of the |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph L. Walsh |
| VINCENT T. ABERNATHY, | ) | |
| | ) | |
| Respondent/Appellant. | ) | Filed: October 14, 2014 |

### I. INTRODUCTION

Vincent T. Abernathy ("Father") appeals the judgment of the Circuit Court of St. Louis County rejecting the Missouri Department of Social Services' ("agency") proposed order modifying his agreement with Laurie H. Abernathy ("Mother") regarding the support of the parties' minor child. In his first two points on appeal, Father argues that the trial court erred by (1) failing to defer to the agency's factual determinations, and (2) allocating the burden of proof to Father during the court's review of the agency's action. In his third point, Father argues that the agency correctly determined that the diminution of Mother's child-care costs constitutes a substantial and continuing change in circumstances sufficient to warrant modification of the parties' child support agreement. We reject the agency's proposed order of modification and affirm the trial court's judgment.

1

## II. FACTS

Vincent Abernathy and Laurie Abernathy were divorced on June 29, 2005. The judgment of dissolution incorporated an agreement by the parties that Father would pay $1200 per month in child support and maintain medical insurance coverage for the child. The parties considered the Form 14 presumed amount of child support payable by Father, however, they ultimately rejected Form 14 and agreed that Father would pay a higher amount.

On February 7, 2012, at the request of Father, the Missouri Department of Social Services issued a proposed order of modification reducing Father's child support payments to $827 per month. Mother appealed the agency's decision. After an administrative hearing, the agency further reduced Father's child support payments to $410 per month.

Mother appealed the agency's second decision to the Circuit Court of Saint Louis County. After briefing by both parties, the court issued an order rejecting the agency's proposed modification and reinstating the parties' original agreement. This appeal follows.

## III. STANDARD OF REVIEW

"On appeal from an administrative child support order, we review the decision of the [agency] and not that of the circuit court." *Collor-Reed v. Ward*, 149 S.W.3d 897, 899 (Mo. App. E.D. 2004). "Our review is limited to a determination of whether the administrative decision was constitutional, was supported by competent and substantial evidence upon the whole record, was authorized by law, was made upon lawful procedure, was not arbitrary, capricious, or unreasonable, or was not an abuse of discretion." *Id.*; § 536.140, R.S.Mo. (Cum. Supp. 2007). "We defer to the agency's findings of fact but . . . [not to the] agency's interpretation,

application, or conclusions of law . . . ." *Lajeunesse v. Dep't of Soc. Servs.*, 350 S.W.3d 842, 844 (Mo. App. W.D. 2011).

## IV. DISCUSSION

In his first and second points, Father argues that the trial court erred by: (1) failing to defer to the agency's factual determinations, and (2) allocating the burden of proof to Father during the court's review of the agency's action. We address these points together because both ignore the proper standard of review.

As observed supra—and noted in Father's own brief—we review the *agency's* decision, not the actions of the trial court. *Collor-Reed*, 149 S.W.3d at 899. Therefore, Father's allegations of trial court error necessarily fail to raise anything for this Court's review. *See id.* Points I and II are therefore denied.

Father's third point, on the other hand, addresses the agency's decision, and is therefore properly before this court for review. Father argues that the agency correctly determined that the diminution of Mother's child-care costs constitutes a substantial and continuing change in circumstances sufficient to warrant modification of the parties' prior child support agreement. In response, Mother argues that, as a matter of law, agency erred in basing its finding on a change in child-care costs. She contends that Father can only establish a substantial and continuing change in circumstances by proving he is unable to afford the amount of child support he previously agreed to pay.[1]

---

[1] The awkwardness of Father—the purported appellant—arguing that the agency was correct, and Mother—the purported respondent—arguing that the agency erred, is a result of the parties' failure to comply with Rule 84.05(e), which provides:

> If the circuit court reverses a decision of an administrative agency and the appellate court reviews the decision of the agency rather than of the circuit court, the party aggrieved by the agency decision shall file the appellant's brief and reply brief . . . . The party aggrieved by the circuit court decision shall prepare the respondent's brief.

3

We agree with Mother that the agency erred as a matter of law by determining that a reduction in her child support costs qualified as a substantial and continuing change in circumstances. *Cf.* § 452.370.1, R.S.Mo. (2000) ("[T]he provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable."). Because Father's child support obligations were based on an agreement between the parties that was incorporated into their judgment of dissolution, Father actually had the "heavy burden of proving he is unable to support his child[] in the manner contemplated at the time [of] the [parties' prior] agreement." *Brown v. Brown*, 19 S.W.3d 717, 724 (Mo. App. W.D. 2000); *In re Marriage of Wilson*, 181 S.W.3d 575, 583 (Mo. App. W.D. 2005); *Forhan v. Forhan*, 693 S.W.2d 164, 165 (Mo. App. E.D. 1985). He was therefore required to establish that he could no longer afford the $1200 per month in child support that the parties agreed to in 2005.[2] The agency erred as a matter of law by failing to apply this standard, and instead basing its finding of a substantial and continuing change in circumstances on a decrease in Mother's child-care costs.

The agency's error in relying on the diminution of Mother's child-care costs appears to have been based on a mistaken interpretation of the "twenty-percent deviation rule" in section 452.370.1, which states:

> If the application of [Form 14] . . . to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable, if the existing amount was based upon the presumed amount pursuant to [Form 14].

---

Mother, who was aggrieved by the agency decision, was required to file the appellant's brief. *See Ringer v. Mo. Dep't of Health & Senior Servs.*, 306 S.W.3d 113, 115 (Mo. App. W.D. 2010). Father, who was aggrieved by the trial court's decision, was required to file the respondent's brief. *Id.*

[2] The agency found that Father's current gross, monthly income is $10,765, which amounts to $129,180 per year.

4

In other words, section 452.370.1 provides that if Mother and Father previously used Form 14 to calculate the amount of child support owed by Father, and the results of a new Form 14 calculation differed by twenty percent from the original, Father has made a prima facie showing of a substantial and continuing change in circumstances sufficient to modify the parties' agreement. The agency concluded that it was "convinced . . . Form 14 did in fact play a role in the parties ultimate agreed upon support amount [of $1200 per month]," and performed a new Form 14 calculation accounting for diminished child-care costs. The agency's new calculation yielded just $410 per month—a decrease of approximately sixty-six percent.

Though we recognize, as the agency observed, that the parties and the court may have considered Form 14 during the dissolution proceedings, the record shows that the parties ultimately agreed that Father would pay a higher amount of child support than that presumed by Form 14, and the judgment of dissolution incorporating the parties' agreement shows that the court specifically rejected Form 14 as "unjust and inappropriate." Consequently, Father's support payments were *not* "based on the presumed amount pursuant to [Form 14]." § 452.370.1. Section 452.370.1's provision that Father may make a prima facie showing of a substantial and continuing change in circumstances based on a twenty-percent change in Form 14 calculations, therefore, is inapplicable to this case. *See Hueckel v. Wondel*, 270 S.W.3d 450, 456 (Mo. App. S.D. 2008); *Brown*, 19 S.W.3d at 724.

In sum, because the amount of Father's child support payments was not based on Form 14, and because the amount was established pursuant to an agreement between the parties, the agency was required to predicate any finding of a substantial and continuing change in circumstances on Father's inability to pay. *See Brown*, 19 S.W.3d at 724. The agency erred as a matter of law by failing to apply this standard, and instead basing its finding of a substantial and

5

continuing change in circumstances on a decrease in Mother's child-care costs. Point III is denied.

## V. CONCLUSION

For the foregoing reasons, we reject the agency's proposed order of modification and affirm the trial court's judgment.

_____
Lisa S. Van Amburg, Judge

Angela T. Quigless, C.J. and
Kurt S. Odenwald, J. concur.