ROBERT G. DOWD, JR., Presiding Judge
Deanna Reinhart ("Appellant") appeals from a judgment granting the motion of Timothy Reinhart ("Respondent") to modify the child support and denying Appellant's motion for contempt. We affirm.
On April 19, 2010, the trial court entered its judgment and decree of dissolution of the parties' marriage. The trial court awarded Appellant and Respondent joint legal and physical custody of their children, who were respectively ages 14 and 6 at the time of dissolution, and Appellant was designated the residential parent. The dissolution incorporated an agreement between Appellant and Respondent that Respondent would pay Appellant $1,500 per month in child support for two children and $1,000 per month for one child. The parties agreed that Respondent would pay more child support than the guidelines required, and as such, the dissolution judgment noted that the child support amounts were not determined in accordance with authorized support guidelines "as a strict application of the child support guidelines would be unjust and inappropriate at this time."
Respondent filed and served Appellant with a motion to modify child support on August 11, 2015, claiming that since the time of the original judgment there were changed circumstances so substantial and continuing as to make the terms of the judgment unreasonable. During the pendency of the case, in August 2016, when the parties' oldest child went away to college, Appellant reduced his child support payment from $1,500 for two children to $1,000 for one child. On September 8, 2016, Appellant sought to have Respondent's wages withheld for failure to pay the full $1,500 in child support, and on September 13, 2016, Appellant moved to hold Respondent in contempt for the $500 in arrears. On September 30, 2016, the trial court terminated the wage withholding pursuant to Respondent's motion, and Appellant's motion for contempt was continued to the date of the trial on Respondent's motion to modify child support. After hearing the evidence at trial, the trial court denied Appellant's motion for contempt and prospectively reduced Respondent's child support payment to $288 per month and ordered Appellant to reimburse Respondent $3,428 for overpaid child support. This appeal follows.
Appellant makes two points on appeal. First, she claims that the trial court erred in granting Respondent's motion to modify because modification must be predicated on a finding of the obligor's inability to pay the agreed upon amount of child support, and Respondent did not prove his inability to pay since he testified at trial that he was making more money than at the time *527 of the original dissolution judgment and that he was able to pay his current child support obligation.[1] Second, Appellant claims the trial court erred in not finding Respondent in contempt for his failure to pay the required amount of child support while the parties' oldest child attended college.
Our review of the trial court's ruling on a motion to modify child support in a dissolution judgment "is limited to determining whether the judgment is supported by substantial evidence, whether it is against the weight of the evidence, whether it erroneously declares the law or whether it erroneously applies the law." Selby v. Smith , 193 S.W.3d 819, 824 (Mo. App. S.D. 2006) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976) ). "The determination to award a modification in child support lies within the discretion of the trial court, and the trial court's decision will be reversed only for abuse of discretion or misapplication of the law." Id. (internal quotation marks omitted). "We will set aside the judgment on the ground that it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong." Id. (internal quotation marks omitted). "Determining the weight and value given to the testimony of any witness is squarely within the trial court's province." Welker v. Welker , 902 S.W.2d 865, 867 (Mo. App. E.D. 1995). Accordingly, we "accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence." Id.
Section 452.370.1 provides:
... [T]he provisions of any judgment respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. In a proceeding for modification of any child support or maintenance judgment, the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties , including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits, and the earning capacity of a party who is not employed. If the application of the child support guidelines and criteria set forth in section 452.340 and applicable supreme court rules to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable, if the existing amount was based upon the presumed amount pursuant to the child support guidelines.
(emphasis added). Here, the original child support amount agreed to by the parties and incorporated into the dissolution judgment was more than the presumed amount under the child support guidelines. As such, the twenty-percent provision of Section 452.370.1 is not applicable. See Eaton v. Bell , 127 S.W.3d 690, 697 (Mo. App. W.D. 2004). In such a case, "a substantial and continuing change in circumstances required to modify child support may be established by other ways." Brown v. Brown , 19 S.W.3d 717, 724 (Mo. App. W.D. 2000).
Here, there was evidence that Appellant's income increased from $79,500 at *528 the time of the dissolution to $183,000 at the time of trial.[2] In addition, Appellant remarried, and there was evidence that her new husband contributed $530 each month to her household expenses.[3] This evidence of changed financial circumstances contributed to the trial court's overall finding of changed circumstances so substantial and continuing so as to make the terms of the original dissolution decree unreasonable and warranted modification. See Section 452.370.1.
In addition to the statutory considerations, changes in the children's needs may also show a substantial and continuing change of circumstances warranting modification. See Eaton , 127 S.W.3d at 697 (noting "[a] change in the parties' financial circumstances or in the children's needs may evidence a showing of substantial and continuing change" (emphasis added) ). See also Hueckel v. Wondel , 270 S.W.3d 450, 456 (Mo. App. S.D. 2008) (affirming modification based in part on changes in child's need for daycare and counseling); Selby , 193 S.W.3d at 826-27 ("[i]ncreases in the cost of living, which occur with the growth and maturing of children, have been held to constitute substantial and continuing change allowing for modification in child support"); In re Marriage of Angell , 328 S.W.3d 753, 760 (Mo. App. S.D. 2010) (affirming modification partially based upon child's need for ongoing counseling); Keller v. Keller , 224 S.W.3d 73, 78 (Mo. App. S.D. 2007) (affirming modification in part based on evidence of an increase in expenses for the children's extracurricular activities). Here, there was evidence of a change in the children's needs in that the parties no longer paid the $480 in monthly childcare expenses paid at the time of the original dissolution judgment, the parties' oldest child was in college and emancipated and a Sunday overnight was added to Respondent's weekend visitation. This evidence of changes in the children's needs contributed to the trial court's overall finding of changed circumstances so substantial and continuing so as to make the terms of the original dissolution decree unreasonable and warranted modification. See Section 452.370.1. Accordingly, the trial court's modification of Respondent's child support obligation was supported by substantial evidence, was not against the weight of the evidence and did not erroneously declare or apply the law. We find no abuse of discretion or misapplication of the law on this point.
Appellant argues that a modification of child support in this case-where the original amount of child support was agreed upon and not based on the presumed amount under the child support guidelines-"must be predicated on a finding of the obligor's inability to pay the agreed upon sum." Appellant argues that because Respondent testified that he was making more money than at the time of the dissolution judgment and that he was still able to pay the existing child support amount, the court ruled against the weight of the evidence and erred in granting his motion to modify. To support this argument, Appellant relies on Abernathy v. Abernathy , 445 S.W.3d 638 (Mo. App. E.D. 2014). In *529 Abernathy , the parents agreed that the father would pay a higher amount of child support than the Form 14 presumed amount, and the father then sought modification based upon a reduction in child care costs. Id. at 639-40. The Missouri Department of Social Services issued a proposed modification reducing the father's child support obligation, and after an administrative hearing, the agency further reduced his obligation. Id. at 640. The mother appealed to the trial court, which rejected the agency's proposed modification. Id. at 640. On appeal, this Court noted that because the father's child support obligations were based on an agreement between the parties, not the presumed amount, the father "had the heavy burden of proving he is unable to support his child in the manner contemplated at the time of the parties' prior agreement" and that he could no longer afford his originally agreed to child support obligation. Id. at 641 (quoting Brown, 19 S.W.3d at 724 ) (internal quotation marks and brackets omitted). The Court concluded that "[t]he agency erred as a matter of law by failing to apply this standard, and instead basing its finding of a substantial and continuing change in circumstances on a decrease in [the payee's] child-care costs" and that because the amount of the payor's child support was not based on the presumed amount and was established pursuant to the parties' agreement, "the agency was required to predicate any finding of substantial and continuing change in circumstances on [the father's] inability to pay." Id. at 641, 642.
However, in Abernathy , the court reviewed the agency's application of the twenty-percent provision of Section 452.370.1 and found that the provision was inapplicable. Id. at 641. Here, the application of the twenty-percent provision is not at issue in this case. The trial court did not apply the provision, and neither party argues that it should have been applied. In addition, the "inability to pay" requirement discussed in Abernathy comes from a Western District case, Brown v. Brown , 19 S.W.3d 717 (Mo. App. W.D. 2000), which did not even discuss the obligor father's inability to pay. In Brown , the mother claimed that the trial court erred in decreasing the father's child support obligation because the father did not show a substantial and continuing change in circumstances that made the original terms of the decree unreasonable and that the decrease in child support was not in the best interests of the children. Brown , 19 S.W.3d at 724. At the time of the original dissolution judgment, the father agreed to pay more than the presumed child support amount, and when he later moved to modify legal custody, the court terminated joint legal custody and awarded the father legal custody of the children, ordered him to pay all the children's extracurricular expenses for the activities in which he enrolled them and decreased child support in accordance with the father's Form 14. Id. at 720. The mother claimed that the father did not show a substantial and continuing change in circumstances because the father's income had significantly increased since the date of the previous judgment, the children's expenses could barely be met by the existing amount of child support and the father's current spouse could share in his monthly expenses. Id. at 724.
The court on appeal noted "[t]he party seeking modification has a heavy burden of proving he is unable to support his children in the manner contemplated at the time the separation agreement was incorporated into the dissolution decree." Id. (citing Forhan v. Forhan, 693 S.W.2d 164, 165 (Mo. App. E.D. 1985) ). But the court did not analyze whether the father was able to pay the child support originally agreed to and ordered at the time of dissolution.
*530 See id. at 724-25. Instead, it addressed "[t]he only change in circumstances asserted by [the father]," namely that the transfer of legal custody placed additional financial burdens on him with respect to the children's expenses and found that the mother was still required to pay expenses related to activities for which she enrolled the children. Id. at 724-25. The court noted that the twenty-percent provision of Section 452.370.1 did not apply but then considered the only factor offered by the father, the additional burdens resulting from the transfer of legal custody, to determine whether there were changed circumstances so substantial and continuing as to make the terms unreasonable and warrant modification. Id. The court concluded that the father had failed to meet his burden of showing such changed circumstances. Id. at 725.
Brown took the language regarding the inability to pay from Forhan v. Forhan, 693 S.W.2d 164, 165 (Mo. App. E.D. 1985). In that case, the father moved for a reduction in his obligation to pay child support claiming that his income "had plummeted," and the trial court found he had sustained a substantial and continuing decline income through no fault of his own and that his current child support obligation was beyond his means. Id. On appeal, this Court specifically limited the issue in the case: "[t]he question presented is whether husband's allegation and proof of a decrease in his income was a sufficient change in circumstances to warrant modification of child support payments." Id. Given this narrow question and the paramount concern of the welfare of the children, this Court noted "husband has the heavy burden of proving he is no longer able to support his children in the manner contemplated at the time the separation agreement was incorporated into the Decree of Dissolution." Id.
While the mother in Forhan asserted there was insufficient evidence to support the trial court's finding that the decline in the husband's income was involuntary and continuing, the father admitted that the needs of the children had increased. Id. Accordingly, the court noted "[t]he seminal issue is husband's earning capacity, both now and in the future." Id. The Court concluded that the father's decline in income was "of his own choosing" and that his earning capacity remained the same. Id. at 166. Therefore, the Court held that he "did not sustain his heavy burden of proving his plight was due to anything but his own volition." Id.
Nothing about this line of cases leading to the decision in Abernathy limits trial courts to only consider an obligor's ability to pay the existing and agreed upon child support obligation when deciding whether to modify child support. In Forhan , the only basis for modification offered was the changed financial situation of the paying parent. Id. at 165. In Brown , the only basis for modification offered was that the change in legal custody caused the father to incur additional expenses, and the court concluded that such a basis did not amount to a substantial change. Brown , 19 S.W.3d at 724-25. Respondent here offers many bases for modification other than changes in his own financial situation: Appellant's income increased from $79,500 at the time of dissolution to $183,000 at the time of trial, Appellant's new husband contributed $530 to her monthly household expenses, the parties no longer pay the $480 in monthly childcare expenses paid at the time of the original dissolution judgment, the parties' oldest child is in college and emancipated and a Sunday overnight was added to Respondent's weekend visitation. Such bases are properly considered by the courts when faced with a request for modification of child support, and the financial resources of both parties are necessarily *531 considered as indicated by the statute. See 452.370.1 ("In a proceeding for modification of any child support ..., the court, in determining whether or not a substantial change in circumstances has occurred, shall consider all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits" (emphasis added) ). To determine modification based solely on the obligor's ability to pay the originally agreed upon amount of child support would vitiate the clear provisions of Section 452.370.1.
Point I is denied.
For her second point, Appellant claims the trial court erred in failing to hold Respondent in contempt for his failure to pay the required amount of child support while the parties' oldest child attended post-secondary schooling. Appellant argues that the original dissolution judgment was both unambiguous in its requirement of such payment and also immune from collateral attack.
"[I]n a civil contempt proceeding, this court will affirm the judgment unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the decision erroneously declares or applies the law." Ream-Nelson v. Nelson , 333 S.W.3d 22, 28 (Mo. App. W.D. 2010) (internal quotation marks and brackets omitted). We will not disturb a trial court's judgment in a civil contempt proceeding absent a clear abuse of discretion. Id. We will find an abuse of discretion "when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." Id. (internal quotation marks omitted). "If reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Id. (internal quotation marks omitted). "Contempt is a drastic remedy, which should be carefully and cautiously exercised." In re the Marriage of Earls , 77 S.W.3d 741, 743 (Mo. App. S.D. 2002).
"A party alleging contempt establishes a prima facie case for civil contempt when the party proves: (1) the contemnor's obligation to perform an action as required by the decree; and (2) the contemnor's failure to meet the obligation." Ream-Nelson , 333 S.W.3d at 28 (internal quotations marks omitted). "The alleged contemnor then has the burden of proving that person's failure to act was not due to her own intentional and contumacious conduct." Id. (internal quotation marks omitted). In addition, Section 452.370.6 provides that a child support order can be modified only as to those installments accrued subsequent to the date of personal service of the motion to modify.
On August 11, 2015, Respondent filed and served Appellant with his motion to modify child support. On June 21, 2016, the custody order was modified to add a Sunday night to Respondent's weekend visitation, and in August 2016, when the parties' oldest child went to college, Respondent reduced his child support from $1,500 per month to cover two children to $1,000 per month to cover one child. Claiming the dissolution judgment clearly provided that child support shall not abate while a child attends college, Appellant sought to have Respondent's wages withheld for failing to pay the full amount of child support and moved to hold Respondent in contempt for the $500 in arrears. The trial court terminated the wage withholding pursuant to Respondent's motion, and Appellant's motion to hold Respondent *532 in contempt was continued to the date of the trial on Respondent's motion to modify child support. The trial court ultimately denied Appellant's motion for contempt and reduced Respondent's child support modification to $288 per month and ordered Appellant to reimburse Respondent $3,428 for overpaid child support from the time of the June 2016 custody modification.
Here, the trial court had discretion to modify Respondent's child support obligation as of August 11, 2015, the date Appellant was personally served with Respondent's motion to modify child support. See Hoffman-Francis v. Francis , 282 S.W.3d 392, 396 (Mo. App. W.D. 2009) (noting that under Section 452.370.6 "a child support order may be modified only as to obligations that accrue subsequent to the date the motion is personally served" and that the trial court "has discretion to determine the effective date of a modified child support order"). By ordering Respondent to be reimbursed for overpaid child support as of the June 2016 custody modification, the trial court effectively retrospectively modified Respondent's child support obligation as of that custody modification. Because the order established that Respondent overpaid rather than underpaid during the time period at issue in Appellant's motion for contempt, Appellant cannot establish that Respondent failed to perform an obligation under the original dissolution judgment as is necessary for the trial court to find civil contempt.
We have found no error in the trial court's order modifying child support as challenged. Therefore, we find no abuse of discretion in the trial court's denial of Appellant's motion for contempt.[4]
Point II is denied.
Judgment affirmed.
Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.

While Appellant argues that it was an error to modify Respondent's child support obligation, Appellant does not challenge the amount of the trial court's retrospective or prospective modification or any of the trial court's findings regarding the financial positions of the parties.

Respondent argues, and the trial court found, that Appellant's net worth also increased by 180% since the time of the original dissolution judgment. While Appellant does not challenge this conclusion, the evidence of this increase was not made part of our record on appeal.

While Appellant did not testify to her new husband's specific contribution to her household expenses, she testified that he buys groceries and "pays a couple of specific utility bills." She does not challenge the trial court's finding that Appellant's new husband contributes $530 each month to her household expenses.

Given our conclusion here, we need not address Appellant's argument regarding the trial court's finding that the language in the original dissolution judgment regarding abatement is indefinite and unenforceable or that the original dissolution decree was immune from collateral attack.